**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

CHRISTOPHER CHARLES
SPINDLER,

    Defendant-Appellant.

No. 05-6068
(Western District of Oklahoma)
(D.C. No. CR-04-0097-03-L)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **LUCERO**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). This case is, therefore, ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant-appellant Christopher Charles Spindler pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). As part of his plea agreement, Spindler stipulated that "during possession of the firearm . . . he discharged the firearm striking [the victim]." After the sentencing hearing, the district court concluded that this use of the firearm constituted an aggravated assault, resulting in an enhancement to Spindler's offense level under the United States Sentencing Guidelines ("U.S.S.G."). *See* U.S.S.G. §§ 2K2.1(c)(1)(A), 2X1.1, 2A2.2(a) (2003). The district court then sentenced Spindler to eighty-seven months' imprisonment, the top of the applicable Guidelines range, and three years' supervised release. Despite the waiver of appellate rights contained in his plea agreement, Spindler now appeals his sentence, "challeng[ing] the [district court's] application of Oklahoma's law of self-defense" as it relates to calculating his sentence under the Guidelines. Spindler argues that under Oklahoma law his use of the firearm was legally justified, and thus that the district court erred by cross-referencing the aggravated assault provision of the Guidelines. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court concludes that Spindler's appeal is within the scope of an enforceable appellate waiver and must be **dismissed**.[1]

---

[1]The government's decision not to file a motion to enforce the appellate waiver and instead argue the issue in its opening brief does not preclude enforcement of the waiver. *United States v. Clayton*, 416 F.3d 1236, 1238-39

Generally, this court "enforce[s] plea agreements and their concomitant waivers of appellate rights." *United States v. Hahn*, 359 F.3d 1315, 1318 (10th Cir. 2004) (en banc). A waiver of the right to appeal will be enforced if (1) the appeal falls within the scope of the waiver, (2) the waiver was knowing and voluntary, and (3) enforcing the waiver would not result in a miscarriage of justice. *Id.* at 1325. A miscarriage of justice occurs when (1) the district court relied on an impermissible factor, such as race, (2) defense counsel provided ineffective assistance in connection with negotiation of the waiver, (3) the sentence exceeds the statutory maximum, or (4) the waiver is otherwise unlawful and seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* at 1327. After a review of these considerations, we conclude that Spindler's appellate waiver should be enforced.

Spindler specifically waived his right to appeal, collaterally challenge, or move to modify "his sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the applicable guideline range determined by the Court to apply to this case." Spindler reserved only the right to appeal an upward departure or to challenge his sentence based on changes in the law that are held by the Tenth Circuit or Supreme Court to have retroactive effect. Neither of these exceptions are

(10th Cir. 2005).

-3-

applicable and there is, therefore, no question that Spindler's appeal falls within the scope of the waiver.

As demonstrated by both the language of the plea agreement stating that the plea was "knowingly and voluntarily" made and the plea colloquy conducted by the district court, Spindler's waiver of his appellate rights was knowing and voluntary. *See id.* at 1325.

Finally, enforcing Spindler's appellate waiver does not result in a miscarriage of justice. *See id.* at 1327. In imposing the sentence, the district court did not rely on an impermissible factor, nor is there any suggestion of ineffective assistance of counsel. *See id.* Spindler was sentenced below the statutory maximum and within the applicable Guidelines range.[2] Spindler argues, however, that the district court's erroneous application of Oklahoma self-defense law renders the appellate waiver unlawful, and that enforcement of the waiver would seriously affect the fairness, integrity, or public reputation of judicial proceedings. Even if we accept as true Spindler's argument that the district court erred, his contention does not relate to whether the sentence itself is somehow "illegal" or whether the alleged error rendered "his appeal waiver itself

---

[2]Under 18 U.S.C. § 924(a)(2), the maximum statutory penalty to which Spindler was subject was ten years and the Guidelines range as calculated by the district court was seventy to eighty-seven months.

unenforceable." *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005);

*see also Hahn*, 359 F.3d at 1326-27 & n.12.

Furthermore, Spindler has failed to carry his burden of showing that enforcement of the waiver seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See Porter*, 405 F.3d at 1143. Spindler's plea agreement included the proper statutory maximum to which he was subject, informed him that he was giving up constitutional and appellate rights in exchange for certain concessions from the government, and explicitly stated that the sentence would be imposed by the district court under the Guidelines and that the court had the authority to impose any sentence within the statutory maximum. *See id.* at 1145. In addition, the sentence imposed conformed with the terms of the plea and Spindler's understanding of the agreement. *See id.* At the time of the plea hearing, all parties were aware that Spindler would argue self-defense, and in his plea agreement Spindler specifically acknowledged that the waiver was to remain in effect even if the district court overruled his objections. In making its findings, the district court rejected Spindler's self-defense argument, concluding Spindler "certainly had other options rather than to stop and engage in a shoot-out in this, thereby causing the serious bodily injury to [the victim], and then became guilty of the aggravated assault." Accordingly, Spindler's appellate

waiver is not "otherwise unlawful" and enforcing the waiver does not seriously affect the fairness, integrity, or public reputation of judicial proceedings.

For the foregoing reasons, Spindler's appeal is **DISMISSED**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge