UNITED STATES of America,
Plaintiff—Appellee,

v.

Michael Stephen DAHL, Defendant—
Appellant.

No. 05–10654.

United States Court of Appeals,
Ninth Circuit.

Submitted July 26, 2006.*

Filed Aug. 9, 2006.

Laurel D. White, USSAC–Office of the
U.S. Attorney, Sacramento, CA, for Plain-
tiff–Appellee.

Tara I. Allen, Esq., FPDCA–Federal
Public Defender's Office, Sacramento, CA,
for Defendant–Appellant.

Before: SILVERMAN and
RAWLINSON, Circuit Judges, and
BERTELSMAN,** Senior District Judge.

---

* This panel unanimously finds this case suit-
able for decision without oral argument. See
Fed. R.App. P. 34(a)(2).

** The Honorable William O. Bertelsman, Sen-
ior United States District Court for the East-
ern District of Kentucky, sitting by designa-
tion.

MEMORANDUM ***

Appellant/Defendant Michael Stephen Dahl plead guilty to interstate travel with the intent to engage in sexual conduct with a juvenile, in violation of 18 U.S.C. § 2423(b). Appellant now challenges the district court's acceptance of his guilty plea and the enhancement of his sentence under two separate provisions of the U.S. Sentencing Guidelines.

Appellant claims that he did not waive his right to appeal, that there was insufficient evidence of actual force to support a 4-level enhancement, and that there was insufficient evidence to support a 2-level enhancement for use of the internet when the offense involved use of the phone. He was sentenced to 188 months in prison and lifetime supervised release. We affirm.

■ We review *de novo* whether the defendant has waived his right to appeal. *United States v. Speelman*, 431 F.3d 1226, 1229–30 (9th Cir.2005). The defendant voluntarily and knowingly waived his right to challenge his guilty plea. The district court complied with Rule 11 and established a factual basis for the plea. The waiver is enforceable.

A district court's application and interpretation of the Sentencing Guidelines is reviewed *de novo*. *United States v. Zavala*, 443 F.3d 1165, 1167 (9th Cir.2006); *Speelman*, 431 F.3d at 1231 (citing *United States v. Nielsen*, 371 F.3d 574, 582 (9th Cir.2004)). The district court's application of the Sentencing Guidelines to the facts of a case is reviewed for abuse of discretion and the district court's factual findings are reviewed for clear error. *Id.*

■ Appellant argues that there was insufficient evidence of actual force be-cause the victim in this case "voluntarily" moved to the back seat of the car, she "voluntarily" lay down, and she did not try very hard to get away. The victim testified that she felt she had no choice, she was afraid, and he held her down by her wrists and had intercourse with her.

The district court based its factual findings on the testimony elicited from the victim and the defendant. The court, in its discretion, found that the victim was credible, that the defendant completely lacked credibility, and the court so found under a clear and convincing standard. The court observed the demeanor of the victim and noted the consistency between her testimony in court, her statements to her therapist, and her statements to the FBI and the Grand Jury. We find that the determination by the district court to increase the sentence 4 levels based upon the use of force is supported by the facts and is not erroneous.

Appellant also argues that the district court misapplied a 2-level departure for use of the Internet even though in this crime he used a telephone chat line.

We find that it is clear from the record that the district court applied the 2-level departure based upon the likelihood of recidivism, the vulnerable victim standard, and the defendant's use of the telephone chat line to circumvent his supervised release restriction, which prohibited his use of the internet. See *United States v. Connelly*, 156 F.3d 978, 985 (9th Cir.1998); *United States v. Archdale*, 229 F.3d 861, 869 (9th Cir.2000). The departure was not based upon Appellant's use of the internet.

**AFFIRMED**

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

RAWLINSON, Circuit Judge, concurring.

I concur in the result.