# United States Court of Appeals
## For the First Circuit

---

No. 06-2287

UNITED STATES OF AMERICA,

Appellee,

v.

BENJAMIN PRATT,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

---

Before

Torruella, Circuit Judge,
Cudahy,* Senior Circuit Judge,
and Lipez, Circuit Judge.

---

Jane Elizabeth Lee, for appellant.
Renee M. Bunker, Assistant United States Attorney, with whom
F. Mark Terison, Senior Litigation Counsel, and Paula D. Silsby,
United States Attorney, were on brief, for appellee.

---

July 14, 2008

---

* Of the Seventh Circuit, sitting by designation.

**TORRUELLA**, **Circuit Judge**.  On April 13, 2006, Benjamin Pratt pleaded guilty to three counts of conspiracy: to import marijuana, to possess with the intent to distribute marijuana, and to commit money laundering.  He was sentenced to eighty-four months' incarceration.  Pratt now challenges his plea and sentence with respect to only the money laundering conspiracy charge.  We conclude, however, that his appeal is barred by the waiver of appeal to which he consented in his plea agreement.

## I.  Background

In September 2005, Pratt sold approximately 150 pounds of marijuana to an undercover agent in Bangor, Maine.  On October 13, 2005, Pratt was indicted, as part of a multi-defendant indictment, on three counts: (1) conspiracy to import marijuana, (2) conspiracy to possess with the intent to distribute marijuana, and (3) conspiracy to commit money laundering.  See 28 U.S.C. §§ 952(a), 960(a)(1) and (b)(2), 963, 846, 841(a)(1) and (b)(1)(B), and 18 U.S.C. § 1956(h).  Pursuant to a written agreement, Pratt entered a guilty plea to all three counts on April 13, 2006.[1]

At the Rule 11 hearing, the Government submitted its version of the offense.  Specifically, the Government stated that it would establish that between the fall of 2003 and June 2005, the defendant and others were importing marijuana into the United

---

[1]    The original change of plea hearing had been continued from March 20, 2006, to allow Pratt an opportunity to further investigate the money laundering count.

States from Canada.  The marijuana was allegedly manufactured in the Montreal area and then shipped to the border, where couriers would pick up the drugs and bring them into the United States. Pratt was among those who paid for, received, and then distributed the drugs when they arrived in the United States, knowing that they were coming from Canada.  Pratt admitted that the information was true and that the evidence would lead a properly instructed jury to find him guilty beyond a reasonable doubt.

The court then asked the Government to address the factual basis for the conspiracy to commit money laundering.[2]  The Government responded:

> The 1956(h), Your Honor, is a conspiracy to launder money.  Simply for the defendant in this case, the money laundering conspiracy involved his receiving marijuana, selling the marijuana and the proceeds of the marijuana and then delivering that to the courier who would get the next load.  The delivery of those drug proceeds is money laundering activity, and that would constitute a 1956(h) offense.

Defense counsel agreed that case law from other circuits supported the Government's claim that the transfer of cash for drugs qualified as money laundering. Pratt reaffirmed that he understood the charges against him.  The court also expressly inquired whether

---

[2]    The Government's money laundering theory rested on 18 U.S.C. § 1956(a)(1)(A)(i), which criminalizes engaging "in a financial transaction . . . involv[ing] the proceeds of specified unlawful activity with the intent to promote the carrying on of specified unlawful activity."

Pratt had reviewed the plea agreement and whether he understood that in the agreement he was waiving his right to appeal. He answered in the affirmative. The court then accepted the guilty plea, reserving acceptance of the plea agreement until after considering the Presentence Report ("PSR").

At sentencing, Pratt made varied objections to the Probation Department's Guideline calculation, but to no avail. After hearing from both sides, the court concluded that the PSR's calculations were correct as to both the quantity of drugs and the appropriate Guidelines range. The court then accepted the Government's recommendation of an eighty-four month term of imprisonment and a four-year term of supervised release on each count, to be served concurrently. At the end of the sentencing, the court again reminded Pratt that his plea agreement gave up his right to appeal the sentence. Nevertheless, Pratt now appeals.

## II. Discussion

Pratt makes several arguments as to why the district court erred in accepting his guilty plea. Before we can entertain any of those arguments, however, Pratt must first overcome an initial hurdle: the waiver of appeal provision contained in his plea agreement.

Under our case law, we make three inquiries to determine the appropriateness of enforcing the waiver: (1) whether the plea clearly outlined the waiver; (2) whether the court adequately

questioned the defendant about his or her understanding of the waiver; and (3) whether the enforcement of the waiver would constitute a miscarriage of justice. United States v. Teeter, 257 F.3d 14, 25 (1st Cir. 2001). After reviewing the Rule 11 transcript, we conclude that there is no question that the first two inquiries are satisfied here. Not only was the plea agreement clear in its statement of the waiver, but the record reveals that both counsel and the district judge discussed the waiver with Pratt, not only during the change of plea hearing, but also at sentencing. Indeed, Pratt does not make any argument that the waiver should be deemed unenforceable on the basis of the first two inquiries.

Pratt argues that his case falls within the rare exception carved out by the last part of the Teeter test -- enforcement of the waiver would work a miscarriage of justice. Specifically, he argues that the plea, with respect to the money laundering count, lacked a sufficient factual basis, subjected him to double jeopardy, and was the result of ineffective assistance of counsel.[3]

In arguing that enforcement of the waiver would amount to a miscarriage of justice, Pratt faces an uphill challenge. On

---

[3] In his appeal, Pratt argues that he received ineffective assistance of counsel in connection with his Rule 11 proceedings. Our review of the record assures us this claim does not raise concerns regarding a miscarriage of justice and we decline to discuss the argument further.

several occasions, we have emphasized the reluctance with which we are likely to deem this exception appropriate; "the miscarriage of justice reservation 'will be applied sparingly and without undue generosity.'" United States v. De-la-Cruz Castro, 299 F.3d 5, 13 (1st Cir. 2002) (quoting Teeter, 257 F.3d at 26); accord United States v. Cardona-Díaz, 524 F.3d 20, 23 (1st Cir. 2008). The appropriateness of the exception turns on our consideration of several factors: "the clarity of the alleged error, its character and gravity, its impact on the defendant, any possible prejudice to the government, and the extent to which the defendant acquiesced in the result." Cardona-Díaz, 524 F.3d at 23 (quoting United States v. Gil-Quezada, 445 F.3d 33, 37 (1st Cir. 2006)). After considering those factors in the context of this case, we cannot conclude that enforcement of the waiver will constitute a miscarriage of justice.

Section 1956 imposes criminal liability on one who knowingly conducts a financial transaction involving the proceeds of some unlawful activity with the intent to promote the carrying on of unlawful activity. 18 U.S.C. § 1956(a)(1)(A)(i). A "transaction" is defined as including any "purchase, sale, loan, pledge, gift, transfer, delivery, or other disposition." Id. § 1956(c)(3). In its statement of the offense, the Government outlined the means by which Pratt would sell marijuana and then use the proceeds from those sales to further additional and ongoing

unlawful activity, namely to promote the conspiracy to import, distribute, and possess with an intent to distribute marijuana. Pratt conceded that those facts were true: he admitted that he knowingly paid a drug courier in Canada with proceeds obtained from other drug sales, with the intent to further marijuana trafficking.

On appeal, Pratt argues that the district court erred because the Government was required to establish more than the fact that at least some of the proceeds from the illegal marijuana sales were intended for the purchase of more marijuana in Canada. During the plea hearing, however, Pratt's counsel had agreed that the Government had established a sufficient factual basis for promotional money laundering, stating that she had discovered several cases from other circuits supporting the Government's position. See, e.g., United States v. Dovalina, 262 F.3d 472, 476 (5th Cir. 2001) (finding promotional money laundering where "evidence establishes that a dealer used the proceeds of an illegal transaction to pay for the drugs"); United States v. King, 169 F.3d 1035, 1039 (6th Cir. 1999) ("Payment for drugs may constitute 'promotion' for the purposes of the money laundering statute when such payment encourages further drug transactions."); United States v. Baker, 63 F.3d 1478, 1494 (9th Cir. 1995) (finding that payment to suppliers was laundering that promotes the illegal drug trafficking activity); United States v. Torres, 53 F.3d 1129, 1137 n.6 (10th Cir. 1995) (similar). Furthermore, Pratt affirmed to the

court that he understood the issue and had discussed it with counsel. Thus, not only was the waiver itself entered into knowingly and voluntarily, but the specific error that Pratt now alleges the court committed, is based on a legal argument that was discussed and resolved by all parties during the hearing. Given this record and the cases that support the Government's argument, we cannot conclude that the alleged error was so clear that enforcement of the waiver would amount to a manifest injustice in this case.

Likewise, we find no merit in Pratt's double jeopardy argument. Two offenses are not the same offense for double jeopardy purposes if "each provision requires proof of an additional fact which the other does not." See Blockburger v. United States, 284 U.S. 299, 304 (1932); accord United States v. Patel, 370 F.3d 108, 114 (1st Cir. 2004). In this case, the elements of Counts Two and Three differ from one another: the drug conspiracy charge requires the intent to distribute or possession with the intent to distribute a controlled substance, which is not part of the money laundering statute. Conversely, the money laundering charge requires proof of a financial transaction, and an intent to promote further unlawful activity, neither of which is required to prove the drug conspiracy charge.

### III. Conclusion

For the foregoing reasons, we find no miscarriage of justice in the enforcement of the waiver in this appeal. Accordingly, the appeal is dismissed.

**<u>It is so ordered</u>**.