**UNITED STATES of America,
Appellee,**

v.

**Germaine EDELEN, Defendant,
Appellant.**

No. 07–1189.

United States Court of Appeals,
First Circuit.

Heard April 9, 2008.

Decided Aug. 25, 2008.

James M. Fox, for appellant.

Donald C. Lockhart, Assistant United States Attorney, with whom Robert Clark Corrente, United States Attorney, and Peter F. Neronha, Assistant United States Attorney, was on brief, for appellee.

Before TORRUELLA, CUDAHY,* and LIPEZ, Circuit Judges.

TORRUELLA, Circuit Judge.

Pursuant to a plea agreement, Germaine Edelen pled guilty to one count of possession with intent to distribute in excess of five grams of cocaine base. In his plea agreement, Edelen waived his right to file a direct appeal so long as the sentence imposed by the district court was within the applicable Guideline Sentencing Range ("GSR") or lower, or the district court imposed the minimum mandatory sentence. The district court sentenced him to 126 months' imprisonment, on the lower end of the applicable GSR. Edelen now appeals his sentence on various grounds. After careful consideration, we find Edelen's appellate waiver valid and dismiss his appeal.

## I. *Background*

On June 26, 2006, Edelen entered a plea agreement whereby he pled guilty to one count of possession with intent to distribute in excess of five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). As part of the plea agreement, Edelen accepted the facts set forth below.

Edelen was surveilled by Rhode Island police while driving a car containing thirty-two bags of crack cocaine from an address in Newport to a donut shop in Middletown, where he entered the drive-thru. Officer Frank Lema entered the drive-thru behind Edelen in a marked cruiser. At the same time, an unmarked police vehicle driven by Officer Mark Matoes entered the drive-thru against traffic and stopped directly facing Edelen. As Officer Lema got out of his car and approached Edelen, and Officer Matoes remained in his car, Edelen accelerated forward and crashed into Officer Matoes's unmarked vehicle. Even after impact, Edelen continued to accelerate and Officer Matoes's vehicle was pushed back six or seven feet. The crash caused Officer Matoes back injuries that required surgery. Edelen was arrested and 15.34 grams of crack cocaine were seized from his vehicle.

Before pleading guilty, Edelen consulted with his attorney and signed an agreement which stated in part:

Defendant understands that he may have the right to file a direct appeal from the sentence imposed by the Court. Defendant hereby waives his right to file a direct appeal if the sentence imposed

* Of the Seventh Circuit, sitting by designation.

by the Court is within the guideline range determined by the Court or lower or the Court imposes the minimum mandatory sentence.

At the change of plea hearing, the district court questioned Edelen as to whether the entry of his plea agreement was voluntary, intelligent, and knowing. The district court also specifically addressed the appellate waiver clause, which was read aloud in court. Edelen replied affirmatively that he accepted and understood the provision. The acceptance of the appellate waiver occurred before the Probation Office drew up the Pre–Sentence Report ("PSR").

The PSR determined that Edelen's base offense level was twenty-six, and that Edelen was subject to a six-level official-victim enhancement for crashing into Officer Matoes at the donut shop, and a three-level reduction for acceptance of responsibility. Thus, Edelen's total offense level was twenty-nine, with a corresponding Criminal History Category IV. The PSR noted that the statutory mandatory minimum sentence was sixty months, and set the GSR at 121–151 months.

Prior to sentencing, Edelen filed an objection to the proposed official-victim level enhancement. On December 15, 2006, after hearing testimony from Officers Matoes and Lema, the district court found the enhancement applicable. Thereafter, Edelen was sentenced to 126 months' imprisonment, near the low end of the GSR. Edelen now appeals, arguing that: (1) his appellate waiver is invalid because it was unknowing and involuntary; (2) the district court erred in applying the official-victim enhancement; and (3) the court erred by failing to consider the sentencing disparity between crack cocaine and cocaine powder, and in not considering Edelen's mitigating circumstances. As explained below, the first challenge is without merit and, for this reason, we need not reach the second and third challenges.

## II. *Discussion*

Edelen presents various arguments as to why the district court erred in determining his sentence. Nonetheless, before we can entertain Edelen's arguments, we must first determine, as a threshold matter, whether the appellate waiver in the present case is valid and enforceable.[1] Edelen argues that his waiver of appellate rights was involuntary and unknowing because he entered into the plea agreement unaware of the potential six-level official-victim enhancement.

■ We review the validity of an appellate waiver by applying the *Teeter* test. *See United States v. Teeter*, 257 F.3d 14, 25 (1st Cir.2001); *see also United States v. Cardona–Díaz*, 524 F.3d 20, 22 (1st Cir. 2008); *United States v. Pratt*, 533 F.3d 34, (1st Cir.). In *Teeter*, we held that appellate waivers are binding so long as: (1) the written plea agreement clearly delineates the scope of the waiver; (2) the district court inquired specifically at the plea hearing about any waiver of appellate rights; and (3) the denial of the right to appeal would not constitute a miscarriage of justice. 257 F.3d at 25.

■ As we evaluate Edelen's appellate waiver under *Teeter*'s three-prong test, we must first determine whether it clearly delineated its scope. After a review of the plea agreement, we conclude that the scope of the waiver at hand could not be

---

1. Since no party relies on *United States v. Vonn*, 535 U.S. 55, 59, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002), we do not consider the effects *Vonn* may have on this analysis. *See* *United States v. Chandler*, 534 F.3d 45, 50–51 (1st Cir.2008); *United States v. Borrero–Acevedo*, 533 F.3d 11, 14–17 (1st Cir.2008).

clearer; its application is limited to when the "the sentence imposed by the Court is within the guideline range determined by the Court or lower or the Court imposes the minimum mandatory sentence." Under the second prong of the *Teeter* test, we must determine if the district court specifically inquired at the plea hearing about the defendant's waiver of appellate rights. This, too, is easily fulfilled. During the change of plea hearing, the court asked Edelen if he understood the terms of his plea agreement:

> THE COURT: Just to be certain that there's no misunderstanding, I'm going to briefly go over those rights, and I'm also going to explain to you the difference between what happens if you plead guilty as opposed to what happens if you plead not guilty.
>
> . . .
>
> [I]f your guilty plea is accepted ... there won't be any trial; the Government won't have to present evidence to prove you guilty because you will have admitted your guilt; you would have a right to appeal your sentence if it's above the guideline range that applies in your case, but otherwise you wouldn't have any right to appeal your sentence because your plea agreement says you waived that right; and you wouldn't be able to appeal claiming that there's been a mistake made and you're really not guilty because you will have admitted your guilt.
>
> Now, do you understand, once again, what all those rights are that I've mentioned?
>
> EDELEN: Yes, I do.

Our review of the change of plea hearing transcript clearly reveals that the district court in this case made a direct inquiry regarding Edelen's waiver of appellate rights; and that Edelen understood and accepted its terms. Indeed, Edelen does not make an argument that the waiver should be deemed unenforceable on the basis of either of the *Teeter* test's first two prongs.

The relevant question before us is whether the denial of the right to appeal in the present case would constitute a miscarriage of justice, a "rare exception carved out by the last part of the *Teeter* test." *Pratt,* 533 F.3d 34. Edelen argues that he agreed to the waiver without knowledge of any potential six-level official-victim enhancement and its accompanying higher sentencing range, and thus he made his waiver without a full understanding of its consequences. Furthermore, he contends that because he has other substantive arguments—outlined above—a denial of appellate review would result in a miscarriage of justice.

Regarding Edelen's official-victim enhancement argument, knowledge of which offense level or corresponding GSR was applicable to his case was not a condition of the waiver. The agreement contained no clause to that effect. The only condition of the appellate waiver—which predated the drawing-up of the PSR—was that the district court impose a sentence "within the guideline range determined by the Court or lower or [that] the Court impose[ ] the minimum mandatory sentence." The GSR the district court determined to be applicable was 121–151 months' imprisonment, while the minimum mandatory sentence was sixty months. Edelen was sentenced to 126 months' imprisonment. This sentence falls on the lower end of the GSR determined by the court, and thus plainly meets the condition set forth in the appellate waiver. *Cf. Cardona–Díaz,* 524 F.3d at 22 (validating an appellate waiver and affirming the sentence imposed by the district court at the high end of the guideline range). The fact that Edelen considers unjust the application of the official-

victim enhancement does not invalidate the waiver, nor would the fact that he did not know the enhancement was applicable. *See United States v. Bailey,* 187 Fed.Appx. 846, 854 (10th Cir.), *cert. denied,* — U.S. ——, 127 S.Ct. 546, 166 L.Ed.2d 404 (2006) (finding appellate waiver to be enforceable even though defendant alleged sentencing errors that enhanced his sentence); *United States v. Dahl,* 197 Fed.Appx. 569, 570 (9th Cir.2006) (finding appellate waiver to be enforceable when sentence enhancement was supported by sufficient evidence); *United States v. Spindler,* 149 Fed.Appx. 803, 804–05 (10th Cir.2005) (appellate waiver did not result in a miscarriage of justice where the sentence imposed by the district court did not rely on an impermissible factor).

■■■ As noted above, Edelen further contends that because he has other arguments to assert on appeal, a denial of appellate review by enforcing the appellate waiver would result in a miscarriage of justice. However, "the miscarriage of justice reservation [is to] be applied sparingly and without undue generosity." *Pratt,* 533 F.3d 34 (quoting *United States v. De–La–Cruz Castro,* 299 F.3d 5, 13 (1st Cir.2002) (internal quotation marks omitted)); *accord Cardona–Díaz,* 524 F.3d at 23. Thus, Edelen faces a steep challenge in arguing that enforcement of the appellate waiver would amount to a miscarriage of justice. "The appropriateness of the exception turns on our consideration of several factors: 'the clarity of the alleged error, its character and gravity, its impact on the defendant, any possible prejudice to the government, and the extent to which the defendant acquiesced in the result.'" *Pratt,* 533 F.3d 34 (quoting *Cardona–Díaz,* 524 F.3d at 23).

■■■ The change of plea hearing transcript reveals that Edelen was aware of the consequences of accepting the appellate waiver. If the mere fact that a defendant has arguments he could potentially invoke on appeal were allowed to invalidate a waiver, then appellate waivers would become meaningless. *See United States v. Michlin,* 34 F.3d 896, 901 (9th Cir.1994) ("We reject defendants' argument that under the language of the plea agreements they did not waive their right to appeal *incorrect* applications of the Sentencing Guidelines. Defendants' construction of the plea agreement would render the waiver meaningless."); *cf. Brown v. Gillette Co.,* 723 F.2d 192, 193 (1st Cir. 1983) ("The waiver would be meaningless if it could be eluded merely because an unsatisfied party, with whatever sincerity or correctness, felt that the district court had incorrectly construed the standards by which damages were to be assessed."). For these reasons, after giving due consideration to the factors set forth above, we cannot conclude that enforcement of the appellate waiver in the present case would constitute a miscarriage of justice. Under *Teeter*'s test, Edelen's appellate waiver is valid.

Having determined the waiver of appellate rights to be valid, we need not consider Edelen's substantive challenges on appeal.

### III. *Conclusion*

For the foregoing reasons, we find the appellate waiver to be enforceable and valid. Accordingly, the appeal is *dismissed.*

*It is so ordered.*