**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 10-1018

UNITED STATES,

Appellee,

v.

RAYMOND DAVIS,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

Before

Lynch, Chief Judge,
Boudin and Thompson, Circuit Judges.

William S. Maddox on brief for appellant.
Margaret D. McGaughey, Appellate Chief and Thomas E. Delahanty
II, United States Attorney, on motion for summary affirmance for
appellee.

January 18, 2011

**Per Curiam**.  This is Raymond Davis's direct appeal from his 84-month sentence, which included a downward departure for substantial assistance below the otherwise applicable 120-month mandatory minimum.  The government has moved to dismiss the appeal as barred by an appeal waiver in Davis's plea agreement, under which Davis agreed to waive his right to appeal as long as his sentence was not longer than 120 months.  For the reasons discussed below, we agree that the appeal waiver precludes this appeal and therefore grant the government's motion and summarily dismiss the appeal.

Ordinarily, the standards for assessing the enforceability of an appeal waiver are those set forth in United States v. Teeter, 257 F.3d 14, 24-25 (1st Cir. 2001).[1]  Under those standards, presentence waivers of appeal are enforceable if the waiver was "knowing" and "voluntary" and if enforcing it would not result in a "miscarriage of justice."  Id. at 24-25.

---

[1]We have held that where, as here, a defendant did not object in the district court to the sufficiency of that court's explanation of an appeal waiver, appellate review of that issue is under the demanding plain-error standard.  Borrero-Acevedo, 533 F.3d 11, 13 (1st Cir.), cert. denied, 129 S. Ct. 587 (2008).  However, where, as is also true here, the government does not invoke that standard in its discussion of the appeal waiver, we have continued to apply the Teeter standards without the plain-error overlay.  See United States v. Edelen, 539 F.3d 83, 85 n.1 (1st Cir.), cert. denied, 129 S. Ct. 427 (2008); United States v. Chandler, 534 F.3d 45, 49 n.3 (1st Cir. 2008).  We therefore apply the Teeter standards here.  But, because we see no error, plain or otherwise, in the district court's explanation of the appeal waiver, the standard of review is immaterial to our disposition of this case.

-2-

Davis's sole argument against enforcing the appeal waiver is that the waiver was unknowing because he did not understand what factors the court would apply in determining the extent of any downward departure for substantial assistance.[2]  In adjudicating such a claim, we evaluate whether the written plea agreement "contains a clear statement elucidating the waiver and delineating its scope" and whether the district court "inquire[d] specifically at the change-of-plea hearing into any waiver of appellate rights."  Id. at 24; see also Fed. R. Crim. P. 11(b)(1)(N) (requiring such an inquiry).

Davis makes no argument that the written appeal waiver was unclear.  Nor does he find fault with the district court's explanation of that waiver at the change-of-plea hearing.  Rather, his argument focuses exclusively on Davis's purported lack of understanding that the court would not apply the factors contained in 18 U.S.C. § 3553(a) in determining the length of the downward departure for substantial assistance.

Any misunderstanding in that regard cannot be attributed to the district court's lack of explanation, either at the change-of-plea hearing or at sentencing.  At the change-of-plea hearing, there was no occasion for the court to explain how it would

_____

[2]Although he alludes to the "manifest injustice" prong of the Teeter standard in his statement of the standard of review, he makes no argument that enforcing the waiver in this case would be manifestly unjust.

determine the extent of any downward departure for substantial assistance, since, at that point, the government had not moved for such a departure, and the parties' cooperation agreement expressly stated that the government was not required to do so. In the absence of such a motion or any other basis for determining what Davis's sentence was likely to be, the court explained, in general terms, that it would calculate the guideline range but might depart or vary from that range and confirmed that Davis understood that explanation. Nothing more was required. See Fed. R. Crim. P. 11(b)(M) (requiring the court "to inform the defendant of, and determine that the defendant understands . . . the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under § 3553(a)").

At sentencing, the court made perfectly clear that it would not consider the section 3553(a) factors in determining the extent of the downward departure.[3] It also clearly explained Davis's appeal waiver and ascertained that Davis understood it.

_____

[3]The court's conclusion that it could not do so was correct. See United States v. Poland, 562 F.3d 35, 41 (1st Cir. 2009); United States v. Ahlers, 305 F.3d 54, 62 (1st Cir. 2002). Therefore, any argument that justice requires overlooking the appeal waiver to reach Davis's argument to the contrary--the sole substantive argument made on appeal--would be unavailing. See United States v. Nguyen, 618 F.3d 72, 76 (1st Cir.) (holding that where there was no error, there was "a fortiori, no miscarriage of justice"), cert. denied, 131 S. Ct. 548 (2010).

Davis has thus failed to show that the appeal waiver was unknowing and therefore unenforceable.  Accordingly, the appeal is summarily dismissed.  See 1st Cir. R. 27.0(c).