# United States Court of Appeals
## For the First Circuit

No. 10-1021

UNITED STATES OF AMERICA,

Appellee,

v.

JESÚS L. RODRÍGUEZ-MORALES A/K/A DANIEL,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

---

Before

Lynch, Chief Judge,
Torruella and Siler,[*] Circuit Judges.

---

José R. Olmo-Rodríguez, for appellant.
Julia M. Meconiates, Assistant United States Attorney, with whom Rosa Emilia Rodríguez-Vélez, United States Attorney, and Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, were on brief for appellee.

---

July 26, 2011

---

[*] Of the Sixth Circuit, sitting by designation.

**TORRUELLA**, **Circuit Judge**.  The appellant in this case argues that he should be allowed to withdraw his guilty plea, and that we should not enforce the waiver of appeal contained in his plea agreement.  Finding his claims unconvincing, we now affirm his conviction and sentence.

**I.**

On March 30, 2009, an indictment was filed against defendant-appellant, Jesús L. Rodríguez-Morales ("Rodríguez"), charging him with two counts of unlawful possession with intent to transfer five or more identification documents, two counts of aggravated identity theft, and two counts of selling a social security card.  Specifically, Rodríguez was accused of selling a total of eighty-six genuine social security cards and birth certificates to undercover agents during two separate incidents in August 2008.

On July 22, 2009, Rodríguez changed his plea to guilty on one count of aggravated identity theft, based on an agreement whereby the prosecution agreed to file a motion to dismiss the remaining counts of the indictment.  The plea agreement stated that the guidelines sentence was the two-year term of imprisonment required by the statute, 18 U.S.C. § 1028A.  The plea agreement contained a waiver-of-appeal provision which stated that if the court accepted the plea agreement and sentenced him according to its "terms, conditions, and recommendations," then he would

"waive[] and surrender[] his right to appeal the judgment and sentence in this case."

Rodríguez subsequently filed four pro se motions raising various contentions regarding, inter alia, his attorney's performance, computation of the applicable guidelines range, and his lack of awareness of the consequences of pleading guilty to aggravated identity theft. The district court construed the first two filings as motions to withdraw his guilty plea, and denied them. The district court responded to the last two filings by explaining, via line order, that any issues would be discussed at the upcoming sentencing hearing.

A sentencing hearing was held on December 1, 2009. At sentencing, the prosecutor stated that "[h]ad this case gone to trial . . . [Rodríguez] was looking at a statutory maximum of 44 years and a guideline sentence minimum of 107 months with a guideline sentence maximum of 131 months." The court, as well as defense counsel, immediately concurred in the prosecutor's statement. Rodríguez subsequently addressed the court, and claimed that he should not have been charged with aggravated identity theft, as he had not sought to steal anyone's identity. The court responded by clarifying that the statute in question (18 U.S.C. § 1028A) did not require that a defendant seek to assume another's identity, but required only that "you transfer a means of identification of another person," which, the court pointed out,

Rodríguez had just conceded he did. No one, the court went on to note, was accusing Rodríguez of assuming someone else's identity; rather, he was accused of, and had pleaded guilty to, "using the documents that belonged to another person -- or selling them to another person for $2,000." The court then sentenced Rodríguez to two years' imprisonment, followed by a one-year term of supervised release. Rodríguez filed a notice of appeal the same day.[1]

## II.

## A.

The parties dispute the applicable standard of review. The government argues it should be for abuse of discretion, whereas Rodríguez argues it should be de novo. As noted above, the district court construed two of Rodríguez's pro se filings, entered after the change-of-plea hearing but prior to sentencing, as motions to withdraw the guilty plea, and denied them as such. Generally speaking, appeals of a district court's decision to deny

---

[1] At oral argument defense counsel indicated that he had been unable to reach his client for some time, and was not sure whether he wished to further pursue this appeal. On March 8, 2011, we requested that the parties locate the defendant and seek clarification from him on this matter. On March 21, the U.S. Attorney's office informed us that Rodríguez had been removed by Immigration and Customs Enforcement to the Dominican Republic on March 10, and that his present whereabouts are unknown. Defense counsel was similarly unable to locate Rodríguez. In the absence of a contrary indication by Rodríguez, we now resolve the merits of the appeal.

a motion to withdraw is reviewed for abuse of discretion.[2] See United States v. Rivera-Gonzalez, 626 F.3d 639, 643 (1st Cir. 2010) (reviewing claim that a guilty plea was entered without an adequate understanding of its consequences for abuse of discretion); United States v. McMullin, 568 F.3d 1, 9 (1st Cir. 2009); United States v. Castro-Gómez, 233 F.3d 684, 686 (1st Cir. 2000); United States v. Santiago, 229 F.3d 313, 316 (1st Cir. 2000) (noting, with respect to a claim that a guilty plea was not knowing and intelligent under Federal Rules of Criminal Procedure Rule 11, that review was for abuse of discretion).

However, as we have previously noted, other standards apply to certain sub-issues related to denials of motions to withdraw. "Abstract questions of law are reviewed de novo, findings of raw fact are tested for clear error, and law application and balancing judgments are usually reviewed for reasonableness." United States v. Padilla-Galarza, 351 F.3d 594, 597 n.3 (1st Cir. 2003). Rodríguez argues that whether his plea was knowingly, intelligently and/or voluntarily tendered is a question of law subject to de novo review. See United States v. Ward, 518 F.3d 75, 80 (1st Cir. 2008) (citing Marshall v. Lonberger, 459 U.S. 422, 431 (1983)); Wellman v. Maine, 962 F.2d 70, 72 (1st Cir. 1992); see also Sotirion v. United States, 617

---

[2] Rodríguez does not challenge the district court's construal of two of the pro se motions as motions to withdraw his guilty plea.

F.3d 27, 34 n.6 (1st Cir. 2010) (citing <u>United States</u> v. <u>Goodson</u>, 544 F.3d 529, 539 n.9 (3d Cir. 2008)) (noting, in the closely related context of a challenge to a waiver of appeal in a plea agreement, that a challenge premised on "the validity of the waiver itself, not the Rule 11 colloquy," would be subject to de novo review).

We need not resolve this issue, as Rodríguez's claim fails under any of the applicable standards.

**B.**

The gist of Rodríguez's argument is that the prosecutor "drastically" overstated what his sentencing exposure would have been had he stood trial and been convicted on all counts. Appellant claims that had he stood trial and been convicted of all counts, he was looking at a guidelines range of twenty-four to thirty months. He argues that the prosecutor's inflated estimate of 107 to 131 months, agreed to by the court and by defense counsel, induced him to agree to the government's proffer. The proffer recommended a two-year term of imprisonment, which is what he ultimately received, once he decided to accept the government's terms and plead guilty. Rodríguez now claims that there was a strong probability that, had he known the true extent of his sentencing exposure, he would have rejected the government's proffer. As it is, he wound up accepting the government's proffer, and waiving many of his rights, in return for little or no discount

from what he would have received had he gone to trial and been convicted on all counts.

The government appears to concede that the prosecutor overstated the defendant's potential exposure during the sentencing hearing. However, the government disputes that this overstatement rendered Rodríguez's plea involuntary or unintelligent, and argues that we should enforce the waiver-of-appeal provision of the plea bargain. The government also contests Rodríguez's calculation of twenty-four to thirty months as the correct guidelines range for conviction on all counts. While the government does not provide a specific range, it notes that his potential exposure on counts three and four alone was forty-eight months. Counts three and four alleged violations of § 1028A(a)(1), and this statute specifies that "no term of imprisonment imposed under this section shall run concurrently with any other term of imprisonment." 18 U.S.C. § 1028A(b)(2). Therefore, sentences based on any of the other counts would have been imposed on top of any sentence for counts three and four.[3]

---

[3]    Rodríguez points out that a sentencing court may, in its discretion, impose concurrent terms of imprisonment for multiple violations of § 1028A. He speculates that because he was a first-time offender, and because there are more egregious ways of violating the statute, the sentencing court would have exercised its discretion to impose concurrent rather than consecutive sentences for counts three and four. For this reason, Rodríguez claims that any sentence based on the other counts would have been applied on top of a two-year, rather than (as the government suggests) a four-year baseline, assuming convictions on counts three and four.

The Federal Rules of Criminal Procedure permit a defendant to withdraw a guilty plea after it has been tendered, but prior to sentencing, for a "fair and just reason." Fed. R. Crim. P. 11(d)(2)(b). The relevant factors in considering whether a defendant has presented such a reason are "whether the plea was voluntary, intelligent, knowing and complied with Rule 11; the force of the reasons offered by the defendant; whether there is a serious claim of actual innocence; the timing of the motion; and any countervailing prejudice to the government if the defendant is allowed to withdraw his plea." Padilla-Galarza, 351 F.3d at 597; see also Rivera-Gonzalez, 626 F.3d at 643.

The validity of a waiver-of-appeal provision in a plea bargain is reviewed under the three-part test set forth in United States v. Teeter, 257 F.3d 14, 24-25 (1st Cir. 2001). The Teeter test asks whether "(1) the written plea agreement clearly delineates the scope of the waiver; (2) the district court inquired specifically at the plea hearing about any waiver of appellate rights; and (3) the denial of the right to appeal would not constitute a miscarriage of justice." United States v. Edelen, 539 F.3d 83, 85 (1st Cir. 2008); see also United States v. Isom, 580 F.3d 43, 50 (1st Cir. 2009).

Although the standard for reviewing a denial of a motion to withdraw a guilty plea differs from the standard for reviewing the validity of a waiver-of-appeal provision, Rodríguez makes the

same argument under these two standards.  He argues that the prosecutor's misestimation of his probable guidelines range post-trial rendered his plea involuntary, unknowing, and unintelligent. Rodríguez argues that this both establishes a "fair and just" reason to allow withdrawal of his guilty plea, and establishes that there has been a miscarriage of justice under <u>Teeter</u> such that this appeal must be allowed.[4]  In addressing this argument, we need not assess the relationship between the standards governing waiver of appeal and withdrawal of a plea.  It is clear that there has been no miscarriage of justice within the meaning of our case law governing waivers of appeal under <u>Teeter</u>, and that disposes of this appeal.

As the appellant rightly notes, the Supreme Court has recognized that a guilty plea must be not just voluntary, but knowing and intelligent as well, and that a defendant's "awareness of the relevant circumstances and likely consequences" of his plea bears on whether a guilty plea is "knowing" or "intelligent." <u>Brady</u> v. <u>United States</u>, 397 U.S. 742, 748 (1970).  The Supreme Court has also explained that "[t]he standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." <u>North Carolina</u> v. <u>Alford</u>, 400 U.S. 25, 31 (1970).  More recently,

---

[4]  The appellant does not contest the other elements of the <u>Teeter</u> test, i.e., the scope of the waiver or the Rule 11 colloquy.  He limits his contention to <u>Teeter</u>'s miscarriage of justice prong.

we have stated that "the accused must have understood the charges against him and the spectrum of possible penalties to which an admission of guilt will expose him." United States v. Jimenez, 512 F.3d 1, 3 (1st Cir. 2007).

None of this helps the appellant. The central hurdle Rodríguez faces on appeal is that the prosecutor's statement to which he draws our attention occurred at sentencing, i.e., months after he had already decided to plead guilty. Rodríguez was sentenced on December 1, 2009, but the change-of-plea hearing took place approximately four months earlier, on July 22 of that year. Therefore, even though he is surely correct that "erroneous information" which "dramatically alter[s] the sentencing stakes for the defendant" may bear on whether someone who has pleaded guilty will be allowed to subsequently withdraw his plea, United States v. Rivera-Maldonado, 560 F.3d 16, 21 (1st Cir. 2009), we do not see how the misstatement identified by the appellant -- no matter how egregious it may or may not have been -- could have affected his decision to accept the government's proffer.[5]

During the plea hearing, the district court ensured that Rodríguez understood what he was being charged with and the consequences of a guilty plea, and that he had discussed his options with his attorney. He admitted to committing the charged

---

[5] Rodríguez has not alleged that his decision to plead guilty was affected by any purported misstatement by the prosecution prior to sentencing.

crimes, and stated that he understood the penalties he might receive.[6] Rodríguez does not claim, and the record does not indicate, that the prosecutor advised him that the applicable guidelines range was 107 to 131 months prior to or during the change-of-plea hearing.

The pro se motions filed by Rodríguez after the change-of-plea hearing do not undermine this conclusion. In those motions, Rodríguez insisted that aggravated identity theft under § 1028A was not meant to apply to someone in his situation, and that he should have been charged with a lesser offense, with reduced sentencing exposure. Nothing in these motions suggests that his decision to plead guilty was obscured by misinformation as to the sentence he might receive after trial. In his pro se filing of October 13, 2009, Rodríguez complains that the government's offer of twenty-four months was too long, but that he was informed by his attorney that if he did not accept the plea, the prosecutor's office could increase the sentence.[7] Rodríguez was

---

[6] This is not to say that there were no misstatements at the change-of-plea hearing. During this hearing, the prosecutor stated that the statutory penalty for Rodríguez's guilty plea under § 1028A was between two and fifteen years. As the government now concedes, § 1028A provides a fixed term of two years for all non-terrorism related offenses. However, Rodríguez does not argue that his decision to accept the plea bargain was affected by this misstatement, and we correspondingly deem any argument to that effect waived.

[7] It is not clear whether Rodríguez, or his attorney, is referring to the possibility of a harsher outcome after trial, or to the possibility that the proffer might be replaced with a less

not misinformed: even if the parties disagree as to how much more, it is undisputed that the charges Rodríguez faced did in fact expose him to over twenty-four months' imprisonment. Rodríguez complained in other pro se filings that his lawyer recommended that he sign the plea agreement, despite the fact that the crime charged was, in Rodríguez's view, inapposite to his case. At no point in these motions did Rodríguez assert that his decision to accept the government proffer and plead guilty was influenced by a government-induced misunderstanding of the sentence he could receive after trial.[8]

We conclude that, because the prosecutor's statement was made months after the appellant decided to plead guilty, the prosecutor's overestimate of the applicable guidelines range did not render Rodríguez's decision to plead guilty unknowing, unintelligent or involuntary. In light of this conclusion, the dispute between the parties as to what the precise guidelines range would have been, had appellant proceeded to trial and been convicted on all counts, is moot.

---

favorable one if he balked.

[8] The closest Rodríguez comes to making such an assertion is in a statement contained in his notice of appeal, filed shortly after sentencing, in which he stated that his lawyer never explained to him the nature of § 1028A, and that "they could hit me with 0 to 15 years."

### III.

For the reasons given above, the district court did not abuse its discretion in denying Rodríguez's motions to withdraw his guilty plea. The same reasons lead us to believe that enforcing the appellate waiver would not work a miscarriage of justice under <u>Teeter</u>. We affirm Rodriguez's conviction and sentence, and dismiss the appeal.

<u>So ordered</u>.