# United States Court of Appeals
## For the First Circuit

No. 15-1185

UNITED STATES OF AMERICA,

Appellee,

v.

JUAN ÁNGEL MORALES-ARROYO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Howard, Chief Judge,
Thompson and Barron, Circuit Judges.

Merritt Schnipper on brief for appellant.
Nelson Pérez-Sosa, Assistant United States Attorney, Chief,
Appellate Division, Mainon A. Schwartz, Assistant United States
Attorney, and Rosa Emilia Rodríguez-Vélez, United States Attorney,
on brief for appellee.

April 19, 2017

**HOWARD**, **Chief Judge**.    Juan Ángel Morales-Arroyo challenges the reasonableness of a 132-month prison sentence imposed for unlawful possession of firearms in furtherance of a drug trafficking crime and for possession of crack cocaine with intent to distribute.  He contends that the waiver-of-appeal provision in his plea agreement does not bar this appeal.  After careful consideration, however, we conclude that it does and dismiss Morales's appeal.

## I.

Morales pleaded guilty, pursuant to a written plea agreement, to unlawful possession of three AK-47s in furtherance of a drug trafficking crime and possession of crack cocaine with intent to distribute in violation of 18 U.S.C. § 924(c)(1)(A) and 21 U.S.C. § 841(a)(1), respectively.

Of particular importance here, the plea agreement included a provision titled "Waiver of Appeal."  This provision stated that Morales "knowingly and voluntarily waives the right to appeal the judgment and sentence in this case, provided that [he] is sentenced in accordance with the terms and conditions set forth in the Sentence Recommendation provisions of this Plea Agreement."

Under the plea agreement's "Sentence Recommendation" section, the parties stipulated that, "[i]n consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a)," Morales would

- 2 -

recommend "a sentence of 96 months of imprisonment and the United States [would] recommend to the Court a sentence of 144 moths [sic] of imprisonment."

The district court accepted Morales's plea and sentenced him to 132 months in prison.

## II.

As a threshold matter, we must determine whether the waiver-of-appeal provision is enforceable under the circumstances of this case. See United States v. Acosta-Roman, 549 F.3d 1, 3 (1st Cir. 2008). "[U]nder ordinary circumstances, a knowing, voluntary waiver of the right to appeal from a sentence, contained in a plea agreement, ought to be enforced." United States v. Teeter, 257 F.3d 14, 23 (1st Cir. 2001).

Typically, in determining whether a waiver is valid, we look to confirm that the plea agreement contains a clear statement elucidating the waiver and delineating its scope, and we examine the plea hearing to ascertain whether the defendant was specifically questioned about his understanding of the waiver and adequately informed of its ramifications. United States v. Chandler, 534 F.3d 45, 49 (1st Cir. 2008). On the record before us, Morales's waiver of appeal survives such scrutiny.

Morales, however, does not challenge the waiver provision's validity but rather its scope: he asserts that, under

- 3 -

its plain language, the waiver provision does not apply to this appeal. In the alternative, Morales argues that -- even if the waiver provision is applicable -- enforcing it "would work a miscarriage of justice." We take these claims in turn.

**A. Plain Language**

We interpret plea agreements under basic contract principles and construe ambiguities in favor of allowing the appeal to proceed. United States v. Okoye, 731 F.3d 46, 49 (1st Cir. 2013). Mindful of this fact, Morales urges us to find the waiver-of-appeal provision ambiguous insofar as it refers to the "Sentence Recommendation provisions." According to Morales, ambiguity stems from the use of the plural "provisions" because the plea agreement contains only one section titled "Sentence Recommendation." In other words, Morales pins his hopes on the proposition that the waiver provision is ambiguous as to whether it excludes from its scope not only the judge's failure to impose a sentence within the range proposed by the parties but also errors based on the sentencing court's failure to comply with applicable "provisions" of the federal sentencing statutes.

Morales, however, is "conjuring up an ambiguity where none legitimately exists." United States v. Anderson, 921 F.2d 335, 338 (1st Cir. 1990; see also United States v. Betancourt-Pérez, 833 F.3d 18, 22-23 (1st Cir. 2016). He waived his right to

appeal as long as he received a sentence between 96 and 144 months. As Morales's sentence fell well within the range contemplated by the plea agreement, the waiver provision applies under its plain language.

## B. Miscarriage of Justice

A waiver that is made knowingly and voluntarily is presumptively enforceable. However, "even if the waiver passes muster at [these] first two steps, an appellate court will not enforce it if doing so would work a miscarriage of justice." United States v. Nguyen, 618 F.3d 72, 74 (1st Cir. 2010). The circumstances that could potentially justify such a refusal to enforce a waiver are "infinitely variable." Teeter, 257 F.3d at 25 n.9. Relevant considerations, however,

> include the character, clarity, and gravity of the claim of error, its impact on the defendant, any possible prejudice to the government that might accompany a refusal to honor the waiver, and the extent to which the defendant can fairly be said to have acquiesced in the result.

Nguyen, 618 F.3d at 75.

Only sparingly will we refuse to enforce an otherwise valid waiver of appeal under the miscarriage of justice exception. See, e.g., United States v. Pratt, 533 F.3d 34, 37 (1st Cir. 2008); United States v. De-La-Cruz Castro, 299 F.3d 5, 13 (1st Cir. 2002). A defendant who, like Morales, seeks to appeal despite having knowingly and voluntarily waived that right "must show more than

reversible error." Nguyen, 618 F.3d at 75. At a minimum, he must show "an increment of error more glaring." Id.; cf. United States v. Wenger, 58 F.3d 280, 282 (7th Cir. 1995) ("Defendants who appeal from sentences following plea agreements always point to unanticipated and unwelcome developments. . . . To say that a waiver of appeal is effective if and only if the defendant lacks grounds for appeal is to say that waivers will not be honored.").

The errors alleged by Morales cannot "vault the hurdle erected by the waiver."[1] United States v. Calderon-Pacheco, 564 F.3d 55, 59 (1st Cir. 2009); see also Sotirion v. United States, 617 F.3d 27, 38 (1st Cir. 2010) (finding no miscarriage of justice despite the sentencing court's miscalculation of the advisory guideline range where the sentence fell below the upper-limit

---

[1] Morales objects to the procedural reasonableness of his sentence. He concedes that he raised no objection below and, therefore, review is for plain error. See United States v. Dávila-González, 595 F.3d 42, 47 (1st Cir. 2010). Essentially, Morales argues that the sentencing court did not adequately explain its upward variance and relied on factors already accounted for by the Guidelines. Upon review, we conclude that the district court did not commit plain error. Even when a non-Guidelines sentence is imposed, a sentencing court may rely on a factor already included in the calculation of the Guidelines sentencing range as long as the court "articulate[s] specifically the reasons that this particular defendant's situation is different from the ordinary situation covered by the guidelines calculation." United States v. Zapete-Garcia, 447 F.3d 57, 60 (1st Cir. 2006); see also United States v. Fernández-Cabrera, 625 F.3d 48, 54 (1st Cir. 2010) ("Where the record permits a reviewing court to identify both a discrete aspect of an offender's conduct and a connection between that behavior and the aims of sentencing, the sentence is sufficiently explained to pass muster under section 3553(c)."). The district court did so here.

sought by the government); United States v. Edelen, 539 F.3d 83, 87 (1st Cir. 2008) (finding claims that the sentencing court erred in applying official-victim sentencing enhancement and in failing to consider sentencing disparity between crack and powder cocaine did not constitute a miscarriage of justice); United States v. Corso, 549 F.3d 921, 931 (3d Cir. 2008) (finding no miscarriage of justice where district court made errors in applying number-of-victims and abuse-of-trust enhancements).

Indeed, "far from working a miscarriage of justice, [Morales's] plea agreement conferred significant benefits on him." Sotirion, 617 F.3d at 38. In exchange for waiving his right to appeal, the government agreed to dismiss two other firearms-related counts. Morales cannot now renege on his bargain.

## III.

For the foregoing reasons, Morales's waiver is both valid and enforceable and, therefore, our consideration of this appeal on the merits is barred. The appeal is **dismissed**.

- 7 -