# United States Court of Appeals
## For the First Circuit

No. 13-1365

UNITED STATES,

Appellee,

v.

ANDY LARACUENT,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Aida M. Delgado-Colón, U.S. District Judge]

Before

Thompson, Kayatta, and Barron,
Circuit Judges.

Elaine Mittleman on brief for appellant.
Rosa Emilia Rodríquez-Vélez, United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, and Tiffany V. Monrose, Assistant United State Attorney, on brief for appellee.

February 17, 2015

**THOMPSON, Circuit Judge**.  Defendant Andy Laracuent pleaded guilty to aiding and abetting possession of a firearm in furtherance of a drug trafficking crime.  His appeal seeks to vacate this plea on grounds of factual insufficiency.  Following careful consideration, we reject Laracuent's claim of error.

## BACKGROUND

On January 26, 2012, law enforcement officials observed a Nissan Armada, along with two other vehicles, driving into a bay area in Santa Isabel, Puerto Rico.[1]  At the same time, a vessel was seen traveling into the bay.  Several individuals were observed offloading bales from the vessel into the vehicles, including Laracuent.  The vehicles then exited the bay area, where they were stopped by DEA agents who conducted a traffic stop and arrested the individuals inside of the vehicles, including Laracuent, who was inside the Nissan Armada.  The substance in the bales was subsequently analyzed and confirmed to be cocaine.  Additionally, during the traffic stop, law enforcement found three firearms inside the Nissan Armada.

In connection with these events, a grand jury returned a three-count indictment against Laracuent and thirteen co-defendants.  Laracuent was charged with conspiracy to possess with

---

[1] When an appeal follows a guilty plea, the facts are drawn from some combination of "the change-of-plea colloquy, the presentence investigation report, and the transcript of the disposition hearing." United States v. Jiminez, 498 F.3d 82, 84 (1st Cir. 2007).

intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1),(b)(1)(A)(ii), 846 (Count 1); possession with intent to distribute five kilograms or more of a substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii) and 18 U.S.C. § 2 (Count 2); and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3).

Laracuent pleaded guilty to Count One and Count Three. Count Two was dismissed. He was subsequently sentenced to a prison term of one hundred twenty months on Count One and sixty months on Count Three, to be served consecutively, along with a supervised release term of five years. Laracuent timely appealed, seeking to vacate his conviction on Count Three only by challenging the court's acceptance of his plea.

### STANDARD OF REVIEW

Typically, we review the district court's acceptance of a guilty plea for abuse of discretion. United States v. Negrón-Narváez, 403 F.3d 33, 37 (1st Cir. 2005). However, where, as here, a defendant is silent as to alleged errors in the district court proceedings, and seeks to withdraw his plea for the first time on appeal, we review his claim for plain error. Id.; United States v. Ramos-Mejía, 721 F.3d 12, 14 (1st Cir. 2013). Plain error review puts a heavy burden on the defendant; he must show "(1) that an error occurred (2) which was clear or obvious and which not only

(3) affected the defendant's substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings." Negrón-Narváez, 403 F.3d at 37.

## DISCUSSION

Laracuent posits that the proffer at the plea colloquy did not provide a sufficient factual basis for finding the requisite intent for aiding and abetting possession of a firearm in furtherance of a drug trafficking crime. Rule 11(b)(3) of the Federal Rules of Criminal Procedure guides our inquiry. It requires that, "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). In other words, the court must decide that "the defendant's conduct actually corresponds to the charges lodged against him." United States v. Jiminez, 498 F.3d 82, 86 (1st Cir. 2007). To satisfy the "factual basis" requirement, the necessary showing is "fairly modest," that is, the government does not have to establish guilt beyond a reasonable doubt, but instead must "show a rational basis in fact for the defendant's guilt." Ramos-Mejía, 721 F.3d at 16. It need not support every element of the charge with direct evidence. Id. (citing United States v. Marrero-Rivera, 124 F.3d 342, 352 (1st Cir. 1997)).

Laracuent's quibble with the factual basis for his plea is circumscribed. His primary contention is that there was an insufficient showing that he had advance knowledge that one of his

confederates would carry a gun.  For support, Laracuent cites the recently decided <u>United States</u> v. <u>Rosemond</u>, 134 S.Ct. 1240, 1249 (2014), which, in the context of a post-jury trial appeal, held that "[a]n active participant in a drug transaction has the intent needed to aid and abet a § 924(c) violation when he knows that one of his confederates will carry a gun."[2]  In a more cursory fashion, Laracuent also suggests that there was a lack of proof as to who the principal was in this offense.[3]

Laracuent misses the mark.  "[A]s long as the government's proffered facts, conceded by the defendant to be true, touch all the bases, there is a sufficient factual basis for the tendered plea."  <u>Jiminez</u>, 498 F.3d at 87.  Here, during the plea colloquy, the following exchange took place.

> THE COURT: Now, I'm addressing, at this moment, Mr. Laracuent as to count three.  Sir, your Plea Agreement also indicates that you're pleading guilty to count three of the Indictment.  Count three of the indictment alleges that: "On January 26, 2012, in the District of Puerto Rico, you, Andy Laracuent, and two others named as Defendants, aiding and abetting each other, did knowingly and unlawfully possess a Glock pistol, Model 19, 9 millimeter caliber, a Smith & Wesson pistol, .40 caliber, and one FNP pistol, .45 caliber,

---

[2] Advance knowledge can include knowledge acquired prior to the commission of a drug trafficking offense, or knowledge that is acquired while an offense is in progress.  <u>Rosemond</u>, 134 S.Ct. at 1253, n.1 (Alito, J., concurring in part and dissenting in part).

[3] Count Three was levied against Laracuent and two co-defendants.  It read: "the defendants herein, aiding and abetting each other, did knowingly and unlawfully possess firearms."

in furtherance of the drug trafficking crime.." that I just summarized to you in count one of the Indictment... "all in violation of Title 18, United States Code, Section [9]24(c)(1)(a) and (2). Mr. Laracuent, is this the other count to which you're pleading guilty to?

[LARACUENT]: Yes, yes.

THE COURT: And, do you admit that you committed this offense knowingly, in other words, not by accident or by mistake, but rather were fully aware of what you were doing?

[LARACUENT]: Yes.

The government described the evidence it would have offered at trial. In relevant part, the prosecutor stated:

At the time of his participation [in] the [drug] offense, Defendant Andy Laracuent knew that the bales he helped unload contained cocaine. For purposes of (unintelligible), Defendant is held responsible for at least fifteen kilograms, but less than fifty kilograms, of cocaine. Inside the Nissan Armada, Agents also found three firearms, one Glock pistol, Model 19, 9 millimeter caliber, bearing Serial #MFN-989, one Smith & Wesson pistol, .40 caliber, bearing Serial #PEN-0659, and one FNP pistol, .45 caliber, bearing Serial #61-DMR-1474. Defendant possessed these firearms in furtherance of the above-described drug trafficking crime. At trial the United States would have established these facts proving Defendant's guilt beyond a reasonable doubt as to count[]...three of the Indictment by presenting the testimony of witnesses, including law enforcement officers, surveillance photographs, photographs of the vessel and the narcotics, the narcotics seized, the laboratory results, the firearms and ammunition, as well as any other pertinent documentation.

-6-

Laracuent was then asked: "do you admit as true the summary of the evidence that has just been given by the Prosecutor?" He twice answered "Yes."

In other words, Laracuent does not contest these facts. At both the plea colloquy and in his signed plea agreement, Laracuent agreed with the factual accounting -- namely that law enforcement officials observed Laracuent loading bales of what was confirmed to be cocaine into three vehicles, including the Nissan Armada in which he was stopped at the time of his arrest. The officials found three firearms in the car with the drugs. At the plea hearing, Laracuent agreed that he himself knowingly and unlawfully possessed these firearms, making his arguments as to advance knowledge and the identity of the principal seem particularly flimsy.

"The component facts [that form the rational basis for accepting a guilty plea] may come either from the defendant's admissions and concessions or from credible evidence proffered by the government and not contradicted by the defendant." Negrón-Narváez, 403 F.3d at 37. Based on Laracuent's own concessions, the court below could conclude that the government's proffered facts provided a rational basis from which to infer that Laracuent had the requisite intent. Laracuent's sudden speculation that he may not have known about the firearms in advance is insufficient. As we have said, a "mere possibility . . . might constitute a

-7-

plausible line of defense at trial, but such possibilities, without more, are not enough to dissipate an intact factual basis for a guilty plea." Jiminez, 498 F.3d at 87.

## CONCLUSION

For the reasons explained, we see no clear or obvious error and are satisfied that the requirements of Rule 11(b)(3) have been met in this case. The change-of-plea record provides ample factual support for Laracuent's guilty plea. His conviction as to Count Three is affirmed.