# United States Court of Appeals
## For the First Circuit

No. 15-1990

UNITED STATES OF AMERICA,

Appellee,

v.

KORMAHYAH KARMUE,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. William E. Smith, U.S. District Judge]

Before

Torruella, Kayatta, and Barron,
Circuit Judges.

Michael C. Bourbeau, with whom Bourbeau & Bonilla, LLP was
on brief, for appellant.
Donald C. Lockhart, Assistant United States Attorney, with
whom Peter F. Neronha, United States Attorney, was on brief, for
appellee.

October 28, 2016

**BARRON**, **Circuit Judge**.  Kormahyah Karmue appeals his convictions on three federal counts: conspiracy to commit arson, wire fraud, and mail fraud.  He also challenges his sentence.  The convictions and sentence relate to Karmue's alleged participation in a scheme to burn down a tenement house that Karmue owned so that he could collect the insurance proceeds.  We affirm.

On May 27, 2014, following the fire at the tenement house, Karmue was indicted for conspiracy to commit arson, 18 U.S.C. § 844(n); arson, 18 U.S.C. § 844(i) and 18 U.S.C. § 2; wire fraud, 18 U.S.C. § 1343; mail fraud, 18 U.S.C. § 1341; and theft of government funds, 18 U.S.C. § 641.  On April 7, 2015, Karmue pled guilty to theft of government funds.  He then proceeded to trial on the other counts.  After a jury trial, he was convicted on all counts except arson, 18 U.S.C. § 844(i) and 18 U.S.C. § 2.  Karmue now challenges his conviction on three different grounds.  We consider each in turn.

**I.**

Karmue first seeks the reversal of his convictions on the ground that the District Court erred by conducting a portion of what is known as a Daubert hearing in his absence.  See Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993).  The hearing was held to determine whether to permit an arson investigator, Sean Reddy, to testify at trial not only as a fact witness as the

officer who investigated the fire, but also as an expert for the government regarding the cause of the fire.

Karmue's attorney at the time, George West, was present for the first day of the Daubert hearing, and so, too, was Karmue. But Karmue did not attend the second day of the Daubert hearing, and West objected that, given Karmue's absence, the holding of the hearing would violate Karmue's Sixth Amendment rights. Nonetheless, the District Court proceeded with the second day of the hearing. On appeal, Karmue reasserts his Sixth Amendment challenge, and also contends that the decision to proceed with the Daubert hearing in his absence violated both his Due Process rights and Federal Rule of Criminal Procedure 43(a)(2).

Karmue raised the Sixth Amendment challenge below, and so our review is de novo. United States v. Liriano, 761 F.3d 131, 136 (1st Cir. 2014). We have previously stated that the Confrontation Clause "has historically applied to testimony elicited at, and evidence produced for, trial," and we have noted that the "confrontation right has never been extended beyond the context of a trial." United States v. Mitchell-Hunter, 663 F.3d 45, 51 (1st Cir. 2011). But, we have not completely foreclosed the possibility that the Confrontation Clause might apply to a pretrial hearing of some sort, see id. at 53, and we also have not previously considered the specific issue of whether a pretrial

Daubert hearing might qualify as a hearing to which the right guaranteed by the Confrontation Clause could attach.

In this case, however, Karmue's challenge fails even if we were to assume that the Confrontation Clause does apply, as any error was harmless beyond a reasonable doubt. See United States v. Sepúlveda-Contreras, 466 F.3d 166, 171 (1st Cir. 2006). The record fully supports the Daubert ruling that the District Court made. Karmue neither argues that the District Court's ruling was erroneous nor explains how his presence at the second day of the hearing could conceivably have revealed any error. In addition, at trial, Karmue's counsel objected to Reddy providing expert testimony only as to the portion of Reddy's testimony that concerned his opinion that the fire was deliberately set. Yet there was overwhelming independent evidence that the fire was deliberately set.[1] See United States v. Godfrey, 787 F.3d 72, 77-78 (1st Cir. 2015) (holding that overwhelming evidence of the fact for which the challenged testimony was entered suffices to show that an error was harmless beyond a reasonable doubt).

Karmue separately contends that he had a Due Process right to be present at the Daubert hearing and that this right was

---

[1] A number of other witnesses testified that Karmue's alleged co-conspirators bought gasoline, brought it to Karmue's building, and poured it on the floor, causing the fire. In addition, surveillance footage shows the co-conspirators purchasing the gasoline and entering the building with the gasoline.

- 4 -

infringed.  Specifically, he contends that there was a Due Process violation because his presence at the Daubert hearing would have "ha[d] a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge."  Kentucky v. Stincer, 482 U.S. 730, 745 (1987).

Karmue did not raise this issue below, however, and so our review is only for plain error.  Karmue thus must show, among other things, both that any error was clear or obvious and that it affected his substantial rights.  United States v. Savarese, 686 F.3d 1, 12 (1st Cir. 2012).  He has done neither.

Even assuming that this pretrial hearing is the type to which the Due Process right to be present described in Stincer applies, the right is infringed only if the defendant's presence would have "contribute[d] to the fairness of the procedure." Stincer, 482 U.S. at 745.  It is not clear or obvious, however, what the benefit of Karmue's presence at the hearing would have been.  While Karmue does contend in his briefing to us that he would have been able to assist counsel at the Daubert hearing, he does not explain what assistance he could have rendered in a hearing about Reddy's credentials as an expert.  Nor does Karmue make any concrete argument about how his absence on that second day of the Daubert hearing impeded his ability to effectively assist his lawyer in preparing for Reddy's cross-examination at trial.

Moreover, Karmue's Due Process challenge fails on plain error review because -- even assuming a clear or obvious error -- Karmue cannot demonstrate that the District Court's decision to proceed with the hearing in Karmue's absence "affected [his] substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings." United States v. Fernández-Hernández, 652 F.3d 56, 64 (1st Cir. 2011). As we have already explained, there was overwhelming independent evidence that the fire was deliberately set, and Karmue's "conclusory allegations do not establish the required showing of prejudice to prevail under the plain error standard." United States v. Hayes, 40 F.3d 362, 366 (11th Cir. 1994).

Finally, Karmue contends that the decision to proceed with the hearing in his absence violated Rule 43(a) of the Federal Rules of Criminal Procedure. Because Karmue raises this challenge, too, for the first time on appeal, our review is, again, only for plain error. And again, Karmue fails to show either that any error was clear or obvious or that it affected his substantial rights.

The text of Rule 43(a) provides that the defendant must be present at "every trial stage." Fed. R. Crim. P. 43(a) (emphasis added). The Advisory Committee notes then explain that this rule, which "set[s] forth the necessity of the defendant's presence at arraignment and trial[,] is a restatement of existing law. This principle does not apply to hearings on motions made

prior to or after trial."  Fed. R. Crim. P. 43 advisory committee's notes to 1944 adoption (emphasis added) (citations omitted).

Karmue identifies no precedent holding that the Rule -- despite its text and the Advisory Committee notes -- somehow does apply to the pretrial hearing at issue here, and two circuits have held that it does not apply to other kinds of pretrial hearings. See United States v. Burke, 345 F.3d 416, 423-24 (6th Cir. 2003) (no right to be present at a pretrial suppression hearing); Taylor v. United States, 385 F.2d 835, 836 (8th Cir. 1967) (per curiam) (no right to be present for a hearing on motions in limine). Karmue thus cannot show that, in this case, there was a "clear or obvious" violation of Rule 43(a).  See Savarese, 686 F.3d at 12.

Nor can Karmue meet the prong of the plain error standard that requires him to show that any clear or obvious violation of Rule 43(a) prejudiced his substantial rights.  See Fernández-Hernández, 652 F.3d at 64.  As we have explained, there was, wholly apart from Reddy's expert testimony, overwhelming independent evidence that the fire was deliberately set.

## II.

Karmue's next challenge concerns a correction that the government was allowed to make, post-trial, to a statutory citation that was contained in Count I of the superseding indictment. Karmue contends that this change was impermissible, and that, had he been aware of the correct statutory citation prior to trial,

his decision not to plead guilty and to proceed to trial would have been affected (though he does not say precisely how).

## A.

The relevant facts as to this aspect of Karmue's challenge are as follows. Prior to the correction of the citation, the caption to Count I of the superseding indictment, for conspiracy to commit arson, cited to 18 U.S.C. § 844(m). On June 9, 2014, the government moved to correct the citation pursuant to Federal Rule of Criminal Procedure 7(c)(2). The government contended that the caption to the count should have cited to 18 U.S.C. § 844(n), rather than to § 844(m).

Karmue's attorney at the time, Edward Pepe, did not oppose the government's motion. On June 17, 2014, the Magistrate Judge assigned to the case granted the motion in a text order. The order was entered on Karmue's docket sheet. But that order -- for some reason -- made the correction only as to the indictment for Karmue's co-defendant.

Following the jury's verdict, West, who had replaced Pepe as Karmue's counsel, filed Karmue's objection to the presentence report with the District Court. The objection contended that the presentence report erred in calculating the recommended sentence based on 18 U.S.C. § 844(n), which carries a minimum sentence of five years, rather than on 18 U.S.C. § 844(m), which imposes no such mandatory minimum sentence. The objection

explained that the basis for the calculation in the presentence report was wrong because Karmue's indictment at that point still referred to 18 U.S.C. § 844(m).

The next day, the District Court granted the government's June 2014 motion to correct Karmue's indictment to fix the citation. The sentencing hearing then followed approximately one month later. During that hearing, the District Court addressed Karmue's pending objection to the presentence report.

West acknowledged at the hearing that Karmue's prior counsel, Pepe, had not objected to the government's motion to correct the indictment and that the Magistrate Judge had in fact granted that motion (although the order granting that motion had made the correction only as to the co-defendant's indictment). West then stated that, based on those two facts, "the air has gone out of my argument that I thought I was going to be able to make here to fight the five-year mandatory minimum in this case." West went on to say, however, that he was "not waiving Mr. Karmue's heartfelt conviction that that motion under Rule 7(c)" should not have been granted.

**B.**

Karmue now contends on appeal that the District Court erred in permitting Count I of the superseding indictment to be altered post-trial and that he was prejudiced in consequence. But,

even assuming that this challenge was not waived below, the challenge has no merit.

Under Rule 7(c)(2) of the Federal Rules of Criminal Procedure, "[u]nless the defendant was misled and thereby prejudiced, neither an error in the citation nor a citation's omission is a ground to . . . reverse a conviction." Karmue cannot show the required prejudice here.

In United States v. Isabel, 945 F.2d 1193 (1st Cir. 1991), we found no prejudice from a mistaken statutory citation in an indictment because the mistake was "patent," and "the original indictment placed appellant[] on reasonable notice that [he] was being charged with the . . . conspiracy expressly alleged in the text of the indictment." Id. at 1197 (emphasis in original). The same is true here.

The caption for Count I of the indictment reads: "Conspiracy to Commit Arson, 18 U.S.C. § 844(m)." The text of that count of the indictment then describes the offense. In doing so, the count states that "defendants Kormahyah Karmue and Gbabia Kollie . . . did unlawfully, willfully, and knowingly combine, conspire, confederate, and agree with each other to maliciously damage and destroy by means of fire and explosive materials, the building . . . in violation of 18 U.S.C. § 844(i)."

Consistent with this language from the indictment, § 844(i) sets forth an offense that is committed by "[w]hoever

- 10 -

maliciously damages or destroys . . . by means of fire or an explosive, any building." And, a count that details a conspiracy to violate § 844(i) is clearly one detailing a violation of § 844(n), not § 844(m). That is because § 844(n) applies to persons who conspire to commit any crimes under any part of § 844 other than § 844(h), while § 844(m) applies only to persons who conspire to violate § 844(h). 18 U.S.C. §§ 844(m)-(n).

Thus, the only possible confusion engendered by the text of Count I of the indictment arises not from its "operative language" but rather from its caption's reference to § 844(m), rather than to § 844(n). But, as that reference in the caption is a "patent[ly] mistake[n]" one, and the "operative language" of the unamended indictment "placed appellant[] on reasonable notice that [he] w[as] being charged with the . . . conspiracy expressly alleged in the text of the indictment," Isabel, 945 F.2d at 1197 (emphasis in original), there was no prejudice here.

Moreover, the government's motion to correct the citation was on Karmue's docket two weeks after the superseding indictment containing the mistake was filed, and the government's proposed jury instructions, filed five months before trial, referenced the appropriate statutory provision. Thus, Karmue's counsel had notice of the correct citation well before trial. Indeed, further undermining the contention that the mistaken citation misled and thereby prejudiced Karmue is the fact that

- 11 -

Karmue's then-counsel referred to the correct provision in a motion in limine filed two months before trial.

For these reasons, we conclude that Karmue has failed to show the prejudice that he must to bring a successful challenge under Rule 7(c)(2). Accordingly, we reject this challenge.

**III.**

Karmue's final challenge concerns the District Court's refusal to appoint new counsel at sentencing and instead to give Karmue the choice only either of proceeding pro se or of keeping the appointed counsel that he had at the time and with whom he was then allegedly in serious conflict. Finding no error, we reject Karmue's contention that his sentence must be vacated and new counsel appointed for resentencing.

**A.**

The facts relevant to this challenge are as follows. Just prior to sentencing, Karmue filed a letter with the District Court that alleged, among other things, that his then-court-appointed counsel, West, had pressured him to plead guilty, failed to communicate with him, failed to diligently represent him at trial, and wrongly failed to contest the correction of the indictment. Karmue thus requested that new court-appointed counsel be substituted for West.

That same day, West filed his own motion, in which he sought leave to withdraw as appointed counsel. In his one-page

- 12 -

motion, West stated that there existed an "inherent conflict of interest" between West and Karmue "such that the attorney client relationship cannot continue as [West] has been effectively discharged." West gave no specific grounds and simply referred to Karmue's letter, which was appended to the motion.

At the beginning of the sentencing hearing, which was held on August 26, the District Court addressed both Karmue's letter and West's motion to withdraw. The District Court explained that Karmue's letter constituted a pro se filing by a represented defendant and thus that he would not treat the letter as a motion to substitute counsel. The District Court then proceeded to address West's motion to withdraw as counsel.

In the course of doing so, the District Court reviewed the allegations about counsel's performance at trial that Karmue had set forth in his letter and that West had referenced in his motion to withdraw. The District Court also engaged in an extended colloquy with West about the nature of the counsel's conflict with Karmue and its impact on West's ability to represent Karmue at sentencing. During that colloquy, West, when asked whether he could still fulfill his professional responsibilities in representing Karmue at sentencing, stated that he felt "perfectly, professionally ready" to do so.

**B.**

- 13 -

Our review of the District Court's ruling refusing to substitute counsel is for abuse of discretion. United States v. Myers, 294 F.3d 203, 207 (1st Cir. 2002). Karmue argues that the District Court did abuse its discretion because the District Court failed to question Karmue regarding West's motion before denying it. But we do not agree.

Our cases caution district courts against denying such motions without hearing from the defendant. See United States v. Prochilo, 187 F.3d 221, 228-29 (1st Cir. 1999). We have also explained, however, that "there is no invariable model for a trial court's inquiry into an allegedly embattled attorney-client relationship." Myers, 294 F.3d at 207. We have instead emphasized the considerable discretion that district courts have to make such rulings, and explained that we will reverse such a decision for an abuse of discretion only after considering "the adequacy of the [trial] court's inquiry[,] . . . the timeliness of the motion for substitution[,] and the nature of the conflict between the lawyer and client." Id.

Based on those considerations, we cannot say that there was an abuse of discretion here. Faced with allegations of a conflict between counsel and defendant raised just prior to sentencing, the District Court did not ignore them or dismiss them summarily. Rather, at the sentencing hearing, the District Court examined the substance of that conflict and how it bore on

counsel's capacity to continue to represent the defendant. The District Court did so, moreover, by considering the defendant's own recent filing describing that conflict and engaging in an extended colloquy with defendant's counsel about its substance.

Then, on the basis of that inquiry, the District Court reasonably concluded that the alleged conflict was based on a dispute over trial strategy and thus was not of a kind that necessitated the appointment of new counsel for sentencing. Supporting the reasonableness of the District Court's on-the-ground assessment was defense counsel's own statement that he did not view the conflict as one that precluded him from carrying out his professional duties at sentencing. Supporting that conclusion, too, is the fact that the request to substitute counsel was made just two days before sentencing, even though it was based on disagreements over trial strategy that had allegedly broken out months before. Moreover, Karmue did not offer any explanation in his letter for why he had not complained about the allegedly disabling conflict with counsel until two days before sentencing. As a result, as in Myers, "the chronology plainly militates against the granting" of the motion to withdraw. 294 F.3d at 207.

In light of these facts, we find that the District Court did not abuse its discretion in declining to substitute counsel at sentencing. Accordingly, we reject Karmue's challenge to his sentence.

**IV.**

The decision of the District Court is **affirmed**.