# United States Court of Appeals
## For the First Circuit

No. 16-1407

UNITED STATES OF AMERICA,

Appellee,

v.

CARLOS DÍAZ-CONCEPCIÓN,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Torruella, Lynch, and Kayatta,
Circuit Judges.

Leslie W. O'Brien on brief for appellant.
John A. Mathews II, Assistant U.S. Attorney, Mariana E. Bauzá-Almonte, Assistant U.S. Attorney, Chief, Appellate Division, and Rosa Emilia Rodríguez-Vélez, United States Attorney, on brief for appellee.

June 21, 2017

**LYNCH**, <u>**Circuit Judge**</u>.    Carlos Díaz-Concepción pled guilty to a one-count information charging him with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), after he was found to be in possession of a loaded machine gun, two magazines loaded with ammunition, thirteen individually packaged bags of cocaine, one bag of marijuana, and $3,138 in cash while driving a motorcycle in Puerto Rico.  Consistent with the terms of the plea agreement Díaz-Concepción entered, the defense recommended a sentence of seven years' imprisonment, and the government recommended a sentence of ten years' imprisonment.  The district court imposed a sentence of eight years' imprisonment, comfortably within the range of those recommendations.

Díaz-Concepción appeals his conviction, arguing to us, as he did not to the district court, that his plea was not knowing and voluntary because the district court purportedly, in error, failed to adequately explain to him the nature of the charged offense during his plea colloquy.  <u>See</u> Fed. R. Crim. P. 11(b)(1)(G) (before accepting a guilty plea, a court must "inform the defendant of, and determine that the defendant understands, . . . the nature of each charge to which the defendant is pleading").

We hold that the district court committed no error in accepting Díaz-Concepción's plea, much less the plain error he must show to prevail in this appeal.  We affirm his conviction.

- 2 -

On October 19, 2014, Díaz-Concepción was pulled over by officers of the Puerto Rico Police Department for driving a motorcycle without a helmet. During the stop, the officers discovered that Díaz-Concepción was in possession of a loaded machine gun, two magazines loaded with ammunition, thirteen individually packaged bags of cocaine, one bag of marijuana, and $3,138 in cash. Díaz-Concepción was ultimately indicted on federal charges of (1) possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); and (2) possession of a machine gun in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(B)(ii).

Following plea negotiations, Díaz-Concepción agreed to waive indictment and plead guilty to a one-count information containing only the firearm charge. Notably, as a result of those negotiations, the firearm charge changed, in that it no longer alleged that the firearm at issue was a machine gun.[1] The government also agreed to drop the drug charge altogether.

---

[1] Díaz-Concepción did well in his negotiations. The information charged that he "did knowingly and intentionally possess a firearm . . . in furtherance of a drug trafficking crime . . . in violation of [18 U.S.C. §] 924(c)(1)(A)(i)." A violation of § 924(c)(1)(A)(i) carries a mandatory minimum sentence of five years' imprisonment. In contrast, a violation of § 924(c)(1)(B)(ii) -- the provision applicable when the firearm at issue is a machine gun -- carries a mandatory minimum sentence of 30 years' imprisonment.

On April 20, 2015, Díaz-Concepción signed a plea agreement and accompanying Stipulation of Facts. In signing the Stipulation of Facts, Díaz-Concepción "agree[d] that [it was] a true and accurate summary of the facts leading to [his] acceptance of criminal responsibility for violating 18 U.S.C. § 924(c)(1)(A)." The Stipulation of Facts described the circumstances of the October 2014 traffic stop, including the items that were found in Díaz-Concepción's possession during his motorcycle ride. It stated that Díaz-Concepción "acknowledges that he possessed a firearm in furtherance of a drug trafficking crime [under 18 U.S.C. § 924(c)(1)(A)(i)]." And it stated that, "[h]ad this matter proceeded to trial, the government would have [proven the aforementioned] facts beyond a reasonable doubt."

In the plea agreement, Díaz-Concepción attested as follows: "I have read this [agreement] and carefully reviewed every part of it with my attorney. I fully understand this [agreement] and voluntarily agree to it." As part of the agreement, the United States formally agreed to "move to dismiss the [indictment in its entirety]."

The same day that he signed the agreement, Díaz-Concepción appeared at a plea hearing before a magistrate judge. The judge first made sure Díaz-Concepción was competent and that he understood the proceedings, making clear that he could freely request additional clarification or repetition and could ask

- 4 -

questions or consult with his attorney at any time as to any issue. The judge then recited the charge against Díaz-Concepción, showed him his signed agreement, and received his assurance that he had signed it voluntarily and with the advice of counsel. Defense counsel verified that she had explained the agreement to Díaz-Concepción, and Díaz-Concepción confirmed that he was fully satisfied with the legal advice and representation he had received.

After reviewing the contents of the agreement with Díaz-Concepción,[2] the judge asked the government to state the facts that the government would have proven if the case had gone to trial. The government explained the facts as they were described in the Stipulation of Facts appended to the agreement. The government concluded by stating that Díaz-Concepción "acknowledges that he possessed a firearm in furtherance of a drug trafficking crime as charged in Count 1 of the information," and the government would have proven -- through "the testimony of law enforcement agents, [the testimony of] an expert chemist, [and] physical and

---

[2]    The judge enumerated for Díaz-Concepción the various rights he was waiving under the agreement. As Díaz-Concepción himself summarizes in his brief, he acknowledged that he was "waiving his right to remain silent, to be presumed innocent, to testify on his own behalf, to have a speedy trial, to cross examine witnesses and challenge the evidence against him, to be found guilty only upon a unanimous verdict, to compel attendance of witnesses, to be assisted by counsel throughout the trial, to be presumed innocent, to have the prosecution bear the burden of proof beyond a reasonable doubt, and to make no admissions incriminating himself."

documentary evidence" -- that fact beyond a reasonable doubt in the event of a trial.  The judge then asked Díaz-Concepción if the facts as stated by the government were accurate, and he answered in the affirmative.

Finally, the judge sought to confirm that Díaz-Concepción understood the charge against him.  The judge explained: "[T]he [one count in the] information . . . that you're pleading guilty to [states that on October 19, 2014 you] 'did knowingly and intentionally possess a firearm . . . [in] furtherance of a drug trafficking crime . . . in violation of [18 U.S.C. §] 924(c)(1)(A)(i).'  Do you understand this charge?"  After Díaz-Concepción responded, "Yes," the judge asked, "Do you understand you are pleading guilty to this charge?" and Díaz-Concepción again responded, "Yes."

Having found that Díaz-Concepción acted competently, knowingly, and voluntarily, and that "there[] [was] a basis in fact for [the] plea," the magistrate judge recommended to the district court that the plea be accepted and approved.  Díaz-Concepción did not object, and the district court adopted that recommendation.

Sentencing was held before the district court on March 21, 2016.  During his allocution, Díaz-Concepción acknowledged his guilt, stating: "I know I committed this crime and I have to serve my time for it."  As the plea agreement prescribed, the defense

recommended a seven-year sentence, and the government recommended a ten-year sentence. The court noted that the offense of conviction carried a statutory range of five years to life. It acknowledged that the parties' recommendations reflected the benefit Díaz-Concepción had received -- through the omission in the information of the facts that had appeared in the indictment identifying his firearm as a machine gun -- in exchange for his guilty plea. The court then imposed a sentence of eight years.

At the conclusion of the proceedings, the court advised Díaz-Concepción that, although he had agreed to waive his right to appeal his conviction as part of his plea agreement, he could pursue an appeal if he felt that his plea was unlawful or involuntary or that there was some fundamental defect in the proceedings. See United States v. Chambers, 710 F.3d 23, 27 (1st Cir. 2013) (a waiver-of-appeal provision in a plea agreement does not bar an appeal challenging the validity of the plea itself). This appeal followed.

## II.

On appeal, Díaz-Concepción argues that his guilty plea was not knowing and voluntary and that, therefore, the district court should not have accepted it. He posits that that is because the magistrate judge did not explain at the plea hearing the elements of possession of a firearm in furtherance of a drug trafficking crime -- namely, the requirement that the defendant

was engaged in a drug trafficking crime (such as possession of cocaine with intent to distribute) -- and, as a result, he did not clearly understand the nature of the crime to which he pled guilty. Given that Díaz-Concepción raises this issue for the first time on appeal, he necessarily argues that the omission of an explanation of the elements was plain error. He claims that it is reasonably probable that he would not have pled guilty if such an explanation had been provided, given the purported weakness of the government's evidence as to his intent to distribute the cocaine seized from him.

To prevail under the plain error standard, Díaz-Concepción must prove "(1) that an error occurred (2) which was clear or obvious and which not only (3) affected the defendant's substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings." United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001). He cannot make this showing.

A.  There Was No Error

Díaz-Concepción's claim fails at the threshold question of whether there was any error at all. The error that Díaz-Concepción alleges is a violation of Federal Rule of Criminal Procedure 11(b)(1)(G). That rule requires a court, before accepting a defendant's guilty plea, to "inform the defendant of, and determine that the defendant understands, . . . the nature of

- 8 -

each charge to which the defendant is pleading." Fed. R. Crim. P. 11(b)(1)(G); see United States v. Delgado-Hernández, 420 F.3d 16, 19 (1st Cir. 2005) ("'[E]nsuring that the defendant understands the elements of the charges that the prosecution would have to prove at trial' is . . . 'a "core concern" of Rule 11.'" (first alteration in original) (quoting United States v. Gandia-Maysonet, 227 F.3d 1, 3 (1st Cir. 2000))). Díaz-Concepción argues that the court failed to explain explicitly to him that the commission of a drug trafficking crime is an element of possession of a firearm in furtherance of a drug trafficking crime and that, therefore, in order to convict him under 18 U.S.C. § 924(c)(1)(A)(i) at a trial, the government would have needed to prove beyond a reasonable doubt that he intended to distribute cocaine found in his possession, in violation of 21 U.S.C. § 841(a).

Rule 11 does not require a court to "employ a 'specific script [or] set of magic words.'" United States v. Ramos-Mejía, 721 F.3d 12, 15 (1st Cir. 2013) (quoting United States v. Ward, 518 F.3d 75, 83 (1st Cir. 2008)). And it certainly "does not require the court to explain the technical intricacies of the charges," including, in most cases, the charges' component elements. Id. (quoting United States v. Cruz-Rivera, 357 F.3d 10, 13 (1st Cir. 2004)). "Under ordinary circumstances, it is sufficient in a plea colloquy for a district court to 'ascertain that a defendant is aware of the nature of the charge against him

- 9 -

by reading the charge in the indictment to the defendant and obtaining his competent acknowledgment that he understands the charge.'" Id. (quoting Delgado-Hernández, 420 F.3d at 26).

Our decision in Ramos-Mejía is instructive. There, the appellant claimed that the district court had erred under Rule 11 by failing to explain to him that knowledge and specific intent were elements of the drug trafficking offense to which he pled guilty; instead, the court had simply "read the charge from the indictment and then inquir[ed] whether that was what [the appellant] had done." Id. at 14-15. We rejected the claim of error, noting that the court had

> assured itself of the [appellant's] competence to plead, had the prosecutor summarize both the plea agreement and the government's available proof, . . . obtained the appellant's acknowledgment that those summaries were accurate[,] [had] [t]he appellant . . . confirm[] to the court his desire "[t]o plead guilty [to] what [he was] being accused of[,]" . . . made certain that the appellant had read the indictment and understood both the charge and the terms of the plea agreement[,] . . . verified that the appellant had reviewed these materials with his attorney[,] . . . read aloud the charge limned in the indictment, and [heard] the appellant agree[] that he had knowingly participated in that activity.

Id. at 15 (eighth, ninth, and tenth alterations in original); see also United States v. Ramírez-Benítez, 292 F.3d 22, 27 (1st Cir. 2002) (finding "no [Rule 11] error" where "[t]he terms of the indictment alone sufficed to put [the defendant] on notice of the

- 10 -

charge to which he was pleading guilty[,] [the defendant] admitted he understood the charge[,] and the court found him competent to plead").  All of those steps were taken by the court here, and no more was required.[3]

The record indicates that Díaz-Concepción sufficiently understood the elements of the charged crime.  The plea agreement itself contained a factual narrative that made explicit what the government said it could prove.  And it contained Díaz-Concepción's unequivocal attestation that he understood that narrative and agreed with the government's claim of proof.  The agreement also memorialized Díaz-Concepción's review of its contents with counsel.  All of this information was confirmed at the plea hearing.  Finally, Díaz-Concepción was specifically on notice that the predicate drug trafficking crime attendant to the charge of possession of a firearm in furtherance of a drug trafficking crime was possession of cocaine with intent to distribute, as that charge had appeared alongside the firearm charge in the original

---

[3]    It is true that the ordinary requirements of Rule 11 may be heightened in an extraordinary case "depending on the attributes of the particular defendant, the nature of the specific offense, and the complexity of the attendant circumstances." Ramos-Mejía, 721 F.3d at 15.  But "[t]his is a run-of-the-mine case, involving a mature defendant with a history of gainful employment [and some college education].  The appellant was facing only a single charge -- and that charge was not a complicated one. Moreover, the circumstances attendant to the charged crime were straightforward."  Id.

indictment. "Given these considerations, . . . a reading of the charge sufficed." Ramos-Mejía, 721 F.3d at 15. There was no error.

B. Any Error Did Not Affect Díaz-Concepción's Substantial Rights

Even if Díaz-Concepción had established that a Rule 11 error occured and that the error was clear or obvious, his claim would fail in any event at the third prong of plain error review. That is, he cannot show a reasonable probability that, but for the purported error, he would not have pled guilty. See United States v. Urbina-Robles, 817 F.3d 838, 842-44 (1st Cir. 2016). Where, as here, it is clear from the uncontested record that the government would have had sufficient evidence to secure a conviction at trial, an appellant's bare contention that he might have pled differently if the elements of the charged offense had been expounded upon is not enough to meet that standard. See id. at 843-44.

In the end, Díaz-Concepción's argument dissolves into a simple one -- that the government could not have easily proven that he intended to distribute the cocaine found in his possession. He is wrong. The government had "ample evidence" of his intent to distribute. United States v. Andrade, 94 F.3d 9, 13 (1st Cir. 1996).

First, Díaz-Concepción was in possession of a large sum of cash, totaling $3,138 -- one of the common "trappings of a drug distributor." United States v. Bobadilla-Pagán, 747 F.3d 26, 34

(1st Cir. 2014).  Second, Díaz-Concepción was in possession of a loaded machine gun and additional loaded magazines.  See id. (intent to distribute can be inferred where drugs are found in the vicinity of a loaded firearm); see also United States v. Bianco, 922 F.2d 910, 912 (1st Cir. 1991) ("[F]irearms are common tools of the drug trade.").  And third, Díaz-Concepción's cocaine was packaged in thirteen individual bags rather than in a single bag, as one might expect if the drugs truly were intended solely for his personal use.  See United States v. Pena, 586 F.3d 105, 112 n.8 (1st Cir. 2009) (intent to distribute can be inferred where drugs are "packaged in individual . . . bags"); United States v. Bergodere, 40 F.3d 512, 518 (1st Cir. 1994) (the fact that appellant's drugs were packaged in several individual bags "militated toward a conclusion that appellant was himself a dealer").

To the extent Díaz-Concepción also argues that the government could not have easily proven the existence of a nexus between any drug trafficking he engaged in and his firearm, he is wrong again.  All of the common signs that the firearm was used to protect drugs and drug proceeds, and thereby further drug trafficking efforts, were present here.  See Pena, 586 F.3d at 113; United States v. Garner, 338 F.3d 78, 81 (1st Cir. 2003).

First, Díaz-Concepción's machine gun was loaded, and he had in his possession multiple additional magazines that were also

loaded.  See Pena, 586 F.3d at 113.  Second, the firearm was readily accessible to Díaz-Concepción, holstered as it was on his waist.  See id.  Third, although the record does not disclose the precise location of Díaz-Concepción's drugs, they were undoubtedly in close proximity to the firearm on his person; given that he was riding a motorcycle, the drugs were either also on his person or mere feet away.  See id.  Finally, in addition to drugs, Díaz-Concepción was also in possession of a large sum of cash, totaling $3,138.  See id.  The government's proof of a nexus with drug trafficking was overwhelming.  Cf. United States v. Grace, 367 F.3d 29, 31 (1st Cir. 2004) (finding sufficient evidence of a nexus between a firearm and a drug trafficking crime for a conviction where an unloaded firearm was discovered under a bed in a drawer, no ammunition was found in the house, and the drugs were found in a different room than the firearm).

In view of the strength of the government's evidence that was more than sufficient to prove each element of the charged crime, Díaz-Concepción cannot demonstrate a reasonable probability that he would not have pled guilty if the court had simply listed for him each of those elements, or devoted more detail to describing how his conduct would satisfy the "in furtherance" requirement.[4]  See Delgado-Hernández, 420 F.3d at 27.

---

[4]    To the extent that, in addition to his claim that the district court violated Rule 11(b)(1)(G) by failing to explain to

This conclusion is firmly reinforced by the substantial benefit Díaz-Concepción received by pleading guilty. See Urbina-Robles, 817 F.3d at 844. As part of his plea deal, the government agreed to drop the drug charge against him and permitted him to plead guilty to a version of the firearm charge that omitted any reference to the automatic nature of his gun. By agreeing to these terms, Díaz-Concepción was able to reduce the mandatory minimum prison term he faced by 25 years. In light of the evidence of his guilt, it is not reasonable to think he would have rejected such a deal and taken his chances at trial.

III.

Díaz-Concepción's conviction is affirmed.

---

him the elements of a § 924(c) violation, Díaz-Concepción independently claims that the district court violated Rule 11(b)(3) by accepting a plea that he now purports lacked a sufficient factual basis, that claim easily fails. Even if the claim has not been waived as perfunctorily raised, see United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990), for the reasons just recounted, the facts that the government proffered and that Díaz-Concepción conceded easily provided the plea with "a rational basis in fact[]." Delgado-Hernández, 420 F.3d at 27 (quoting Gandia-Maysonet, 227 F.3d at 6).