# United States Court of Appeals
## For the First Circuit

No. 18-2219

UNITED STATES OF AMERICA,

Appellee,

v.

CLAUDIO VALDEZ, a/k/a Claudio Radhames Valdez Nunez, a/k/a
Radhames, a/k/a Carlos Giovanetti Torres, a/k/a Luis Hernandez,
a/k/a Luis Nunes,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. John J. McConnell, Jr., <u>Chief U.S. District Judge</u>]

Before

Lynch, Kayatta, and Barron,
<u>Circuit Judges</u>.

<u>John T. Ouderkirk, Jr.</u>, by appointment of the Court, on brief
for appellant.
<u>Donald C. Lockhart</u>, Assistant United States Attorney, and
<u>Aaron L. Weisman</u>, United States Attorney, on brief for appellee.

September 21, 2020

**LYNCH**, **Circuit Judge**.  Claudio Valdez entered into a plea agreement and was sentenced to 240 months' imprisonment pursuant to that agreement.  The district court denied his pro se motions to withdraw his guilty plea and to appoint new counsel. We affirm.

I.

On April 11, 2017, Valdez was arrested as a leader and organizer of a major drug-trafficking organization which had customers in Connecticut, Massachusetts, and Rhode Island.  On May 4, 2017, Valdez was charged by indictment with one count of conspiracy to distribute and to possess with intent to distribute one kilogram or more of heroin, and other amounts of fentanyl, cocaine base, and cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, and one count of illegal reentry in violation of 8 U.S.C. § 1326(a) and (b)(2).

On April 12, 2017, Valdez was appointed counsel.  On January 25, 2018, he filed a motion seeking new court-appointed counsel, arguing that his attorney had a "conflict of interest" and was not "represent[ing] [his] best interest and well-being," but failed to specify facts evidencing such a conflict.  A hearing on the motion was held before a magistrate judge on February 15, 2018, who denied the motion as "conclusory" and a "purely tactical

attempt[] [by the defendant] to try to either create appeal issues or to delay proceedings by the replacement of counsel."[1]

On May 17, 2018, Valdez signed a plea agreement. The government agreed not to file a sentencing enhancement pursuant to 21 U.S.C. § 851. Such an enhancement would have exposed the defendant to a mandatory life sentence. The government also agreed to recommend that the court impose a term of twenty years' imprisonment. Valdez specifically "stipulate[d] and agree[d]" to the facts contained in the plea agreement. Valdez also acknowledged that he understood the possible statutory penalties for the charged offenses and the sentence he would receive if the court accepted the plea agreement. Finally, before signing, Valdez acknowledged that he "ha[d] read the agreement or ha[d] had it read to [him], ha[d] discussed it with [his] [attorney], underst[ood] it, and agree[d] to its provisions."[2]

A change-of-plea hearing was held on June 7, 2018. At that hearing, Valdez affirmed that he had "thoroughly reviewed the plea agreement with [his] attorney and [his attorney had] answered any questions that [he] ha[d] about that plea agreement," and that he "underst[ood] as part of that plea agreement . . . that [his]

---

[1]    Valdez appealed the denial of that motion, but the appeal was voluntarily dismissed after he "entered a plea of guilty with the assistance of counsel."

[2]    The plea agreement also included an appeal waiver, which the government does not seek to enforce.

attorney will recommend 20 years of imprisonment and the Government will recommend 20 years of imprisonment." In response to a question from the court regarding whether he had "been treated recently for any mental illness or addiction to narcotic drugs," Valdez stated that he was "taking medication to treat anxiety and for something else" and that he had not taken the medication since "[y]esterday." The court then asked him whether his not having taken the medication was "having any effect on [his] ability to think clearly today," to which the defendant answered "I'm aware of what's happening" and "I can think clearly."

The district court asked Valdez whether he had reviewed the indictment and the consequences of the indictment with his attorney and whether his attorney had answered any questions with respect to the indictment, and the defendant answered in the affirmative. Valdez also confirmed that he was "fully satisfied" with the representation he had received from his attorney. The court reviewed with Valdez the maximum penalties it could impose at sentencing, which included "a mandatory minimum of 10 years but up to a lifetime of imprisonment" for the drug offense and a maximum of twenty years' imprisonment for the illegal reentry offense. Valdez acknowledged that he understood those penalties.

The government recited the elements of the charged offenses and the facts, including those facts Valdez had stipulated to in the plea agreement and more specific details about the drug-

trafficking conspiracy and law enforcement investigation. The district court then "remind[ed] [Valdez] [that the government would] have to prove each and every one of those elements beyond a reasonable doubt for [him] to be found guilty of either or both charges," and asked Valdez whether he "admit[ted] [to] the facts as stated by the Government as true." Valdez stated that he did. He had no questions for the court and had nothing further to discuss with his attorney at that time. The district court accepted the guilty plea as knowing and voluntary.

The sentencing hearing was held on November 28, 2018. At the beginning of the hearing, Valdez submitted a letter to the court, a translation of which stated in relevant part that "I had no idea, I signed that -- meaning plea agreement -- because my lawyer told me that my sentence would be 10 to 20 years," that "[m]y lawyer never explained with certitude so that I could have a better understanding of the process of coming to or agreeing to a plea," and that "[h]e never reviewed the evidence with me . . . before the agreement." Valdez also stated that "I tried to fire [my lawyer]" and "there's been a breakdown in communication, I do not trust him, and he does not trust me." Valdez further stated that "I signed the plea agreement which I did not understand, and right now I wish to withdraw from that agreement and to abandon that negotiation" and "I also want to change my lawyer."

The district court construed the defendant's statement as making two separate motions: (1) a motion to withdraw the guilty plea and (2) a motion to appoint new counsel. After hearing from both the government and defense counsel, the court denied both motions. With respect to the first, the court stated that it

> vividly recall[ed] [the defendant] under oath admitting that [he] w[as] satisfied with [his] representation of counsel, that [his attorney] had fully explained the matter to [him], [and] that [he] w[as] aware that the plea agreement that [he] told [the court] [he] knowingly and voluntarily signed included a mandatory binding 20-year sentence.

The court concluded that Valdez had "not presented any evidence . . . that would support a withdrawal of the plea." As to the second motion, the court noted that a magistrate judge had already determined that the defendant's previous attempt to replace his attorney "was a deliberate attempt . . . to stall and disrupt the orderly administration of this case." The court stated that Valdez was entitled to a court-appointed attorney who is competent, not one of his own choosing, and that the defendant had "received that exceedingly well." It stated that the defendant's attorney was known "by reputation and observation as one of the finest criminal defense lawyers in our state if not in our region." The court concluded that, having observed defense counsel's representation of the defendant throughout the case, it "ha[d] nothing but the greatest confidence that he ha[d] well and adequately represented

[Valdez] as he routinely and regularly d[id] and always does before this Court." The court accepted the joint sentencing recommendation in the plea agreement and sentenced Valdez to twenty years' imprisonment.

Valdez timely appealed.

## II.

Represented by new counsel on appeal, Valdez raises several claims of error with respect to the denial of his motion to withdraw the guilty plea. Valdez also argues that the district court abused its discretion in denying the motion for new court-appointed counsel by "fail[ing] to consider the three guiding factors" for such requests.

Generally, an appeal from the denial of a motion to withdraw a guilty plea before sentencing is reviewed for abuse of discretion. United States v. Rodríguez-Morales, 647 F.3d 395, 397 (1st Cir. 2011); United States v. De Alba Pagan, 33 F.3d 125, 127 (1st Cir. 1994). The burden is on the defendant to prove that there is a "fair and just reason" to withdraw the guilty plea prior to sentencing. Rodríguez-Morales, 647 F.3d at 398-99 (quoting Fed. R. Crim. P. 11(d)(2)(B)) (assessing several factors in making that determination); De Alba Pagan, 33 F.3d at 127 (same).

Where a defendant fails to raise a particular Rule 11 error before the district court, however, we review that claim for plain error. United States v. Vonn, 535 U.S. 55, 58-59 (2002);

United States v. Laracuent, 778 F.3d 347, 349 (1st Cir. 2015); United States v. Borrero-Acevedo, 533 F.3d 11, 15 (1st Cir. 2008). To demonstrate plain error, the defendant must show "(1) that an error occurred (2) which was clear or obvious and which not only (3) affected the defendant's substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings." Laracuent, 778 F.3d at 349 (quoting United States v. Negrón-Narváez, 403 F.3d 33, 37 (1st Cir. 2005)); see also Borrero-Acevedo, 533 F.3d at 15. To establish that the defendant's substantial rights were affected, he "must show a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004); see also Borrero-Acevedo, 533 F.3d at 16.

Our review of the district court's denial of the defendant's motion to appoint new counsel is for abuse of discretion. United States v. Karmue, 841 F.3d 24, 31 (1st Cir. 2016). We will reverse a denial for abuse of discretion only after considering (1) "the adequacy of the [trial] court's inquiry," (2) "the timeliness of the motion for substitution," and (3) "the nature of the conflict between the lawyer and client." Id. (alteration in original) (quoting United States v. Myers, 294 F.3d 203, 207 (1st Cir. 2002)).

A.    Denial of the Motion to Withdraw the Guilty Plea

Valdez's first claim is that the district court failed to ensure that he adequately understood the nature of the charged offenses and erroneously determined that there was a factual basis for the plea pursuant to Rule 11 of the Federal Rules of Criminal Procedure.  See Fed. R. Crim. P. 11(b)(1)(G), (b)(3).  Assuming, arguendo, that Valdez preserved this claim, the record makes clear that the plea was in full compliance with Rule 11.  Our earlier description of the plea agreement and the change-of-plea hearing disposes of this claim.  See, e.g., United States v. Díaz-Concepción, 860 F.3d 32, 37, 39 n.4 (1st Cir. 2017); United States v. Ramos-Mejía, 721 F.3d 12, 14-16 (1st Cir. 2013).  The district court did not abuse its discretion in finding that there was no fair and just reason for withdrawing the guilty plea given the weakness of defendant's arguments and the timing of his motion.  See Rodríguez-Morales, 647 F.3d at 398-99 (explaining that "the force of the reasons offered by the defendant" and "the timing of the motion" are two of the factors courts consider in determining whether to permit a defendant to withdraw a guilty plea prior to sentencing (quoting United States v. Padilla-Galarza, 351 F.3d 594, 597 (1st Cir. 2003))).

Valdez's second argument is that the district court failed to inquire adequately into the medication issue to ensure that his plea was voluntary and intelligent.  See United States v.

- 9 -

Kenney, 756 F.3d 36, 46-47 (1st Cir. 2014); United States v. Parra-Ibañez, 936 F.2d 588, 595-96 (1st Cir. 1991).  This specific claim was not raised before the district court, and thus we review it for plain error.  See Kenney, 756 F.3d at 45.

After Valdez informed the district court at the change-of-plea hearing that he had not taken his anxiety medication that day, the court followed up with questions directed at the defendant's ability to think clearly despite not having done so.  Valdez answered that he was "aware of what's happening" and "c[ould] think clearly."  The court also observed Valdez's demeanor and his apt responses to its questions.  The court's inquiry was clearly adequate.  See id. at 46-47.

Furthermore, Valdez makes no attempt to show a reasonable probability that, but for this alleged error, he would not have entered the plea agreement.  Given the strength of the evidence against him, as well as the substantial benefit conferred by the plea agreement -- avoiding a mandatory life sentence -- it is highly doubtful that Valdez would have rejected that agreement.

The defendant's third claim is that the district court erred in finding that he understood the period of incarceration which would result from the plea agreement.  That argument is only referenced briefly in the defendant's summary of argument, is not further developed, and so is waived.  GGNSC Admin. Servs., LLC v. Schrader, 958 F.3d 93, 95 (1st Cir. 2020).  Even if the claim were

not waived, the plea agreement, Valdez's acknowledgment of the plea agreement, and the discussion at the change-of-plea hearing demonstrate that Valdez was fully aware of the period of incarceration he was facing when he pleaded guilty.

B.    Denial of the Motion to Appoint New Counsel

Valdez argues that the district court abused its discretion in denying his motion for new court-appointed counsel. This claim of error too is meritless. As the district court noted, five months earlier Valdez had expressed his satisfaction with his attorney.[3] Furthermore, he waited without justification until the sentencing hearing to file his motion. See, e.g., Karmue, 841 F.3d at 31 (concluding that the fact the motion was made just two days before sentencing militated against granting it); United States v. Myers, 294 F.3d 203, 207 (1st Cir. 2002) (same for a motion filed five days before sentencing without any explanation for failure to file sooner).

The district court did inquire and hear from both Valdez and his attorney as to the existence and nature of the alleged conflict between them. The court appropriately considered the

---

[3]    The motion at the sentencing hearing was not merely a continuation of the defendant's first motion to substitute counsel filed in January 2018. The appeal of the denial of that motion was voluntarily dismissed after Valdez entered the plea agreement with the assistance of counsel. This is not a situation where the defendant consistently objected to the effectiveness of counsel over a significant period of time. Cf. United States v. Kar, 851 F.3d 59, 65 (1st Cir. 2017).

defendant's previous frivolous attempt to obtain new counsel, defense counsel's own statement that he did not believe there was a conflict, defense counsel's reputation, and its own observations of defense counsel's adequate representation of Valdez.  See, e.g., United States v. Kar, 851 F.3d 59, 65-66 (1st Cir. 2017); Karmue, 841 F.3d at 31; United States v. Hicks, 531 F.3d 49, 51-52, 54-55 (1st Cir. 2008).

Nothing in the record shows an actual conflict or "total lack of communication" between Valdez and his attorney which "prevent[ed] an adequate defense."  Kar, 851 F.3d at 66 (quoting United States v. Allen, 789 F.2d 90, 92 (1st Cir. 1986)).  Defense counsel had discussed the plea agreement and its consequences with Valdez numerous times, which Valdez acknowledged at the change-of-plea hearing.

The district court did not err in denying both motions.  Affirmed.